689 So.2d 526 (1997)
Donald L. O'CONNER, Plaintiff-Appellee,
v.
MARTCO PARTNERSHIP, Defendant-Appellant.
No. 96-260.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1997.
Gilbert L. Dozier, Lafayette, for Donald O'Conner.
John Fayne Wilkes III, Lafayette, for Martco.
Before KNOLL, WOODARD and DECUIR, JJ.
KNOLL, Judge.
In this worker's compensation case, the employer, Martco Partnership, appeals the hearing officer's findings in favor of the claimant, Donald O'Conner. The hearing officer found that Martco was arbitrary and capricious in refusing to allow O'Conner his choice of physician, and awarded penalties and attorneys fees of $4,000. The hearing officer withheld its determination of O'Conner's *527 disability pending examination by a physician of his choice. Finding that O'Conner willfully made false statements to obtain worker's compensation benefits and attorney's fees, we reverse. La.R.S. 23:1208.

FACTS
On April 1, 1994, Donald O'Conner fell and injured his lower back while lifting a piece of lumber in the course of his employment at Martco's mill. He notified his supervisor of the accident and he was sent to Dr. Richard LaFleur, a general practitioner in Opelousas. Dr. LaFleur examined O'Conner on April 5, 1994, and noted objective symptoms of spasm in O'Conner's lower back. Dr. LaFleur placed a "no work" restriction on O'Conner and prescribed physical therapy. Martco paid O'Conner temporary total disability benefits beginning April 1, 1994. Dr. LaFleur ordered a CT Scan which revealed only mild generalized bulging with no evidence of disc herniation. O'Conner's recuperation progressed normally, and Dr. LaFleur continued to treat O'Conner until June 17, 1994. By this time O'Conner's objective symptoms had abated and he presented only subjective symptoms of back pain. Dr. LaFleur was unable to diagnose the source of O'Conner's pain, and he referred O'Conner to Dr. Lionel Mayer, an orthopedic surgeon in Opelousas, for examination.
Dr. Mayer examined O'Conner on June 2, 1994. Although O'Conner reiterated his complaints of low back pain radiating into his left leg, Dr. Mayer was unable to detect any spasm or other objective symptom to explain the source of the pain. O'Conner returned for a follow up examination with Dr. Mayer on June 23, 1994. Dr. Mayer found the examination of O'Conner's lower back and lower extremities to be completely normal, with no objective evidence of any physical impairment, and discharged him to return to full duty work.
O'Conner returned to full duty work at Martco on June 27, 1994. He worked full-time without further incident until October 31, 1994, when he was written up by his supervisor for intentionally dropping good lumber onto the waste conveyor. Two days later, on November 2, 1994, he was again seen dropping good lumber onto the waste conveyor, and he was terminated.
On November 30, 1994, O'Conner filed a disputed claim for worker's compensation benefits. O'Conner alleged that he had never been examined by a physician of his choosing, and expressed a desire to be treated by Dr. Warren Williams, a neurosurgeon in Baton Rouge. After a hearing on July, 17, 1995, the hearing officer found that Martco was arbitrary and capricious in its refusal to authorize an examination by Dr. Williams, and awarded O'Conner penalties of $2,000 and attorney's fees of $2,000. The hearing officer withheld its findings with regard to O'Conner's disability pending Dr. Williams' examination.
Martco appeals, assigning as error the hearing officer's finding that O'Conner was entitled to an examination by a neurosurgeon of his choosing and her award of penalties and attorney's fees. Martco further appeals the hearing officer's award of benefits, alleging that O'Conner made false statements for the purpose of obtaining benefits in violation of La.R.S. 23:1208. Because we are reversing on grounds of O'Connor's false statements, this determination precludes a discussion of Martco's other assignments of error.

FALSE STATEMENTS
Martco alleges that the hearing officer erred in making any award to O'Conner because the record shows that he knowingly made false statements and misrepresented his ability to work for the purpose of obtaining benefits. La.R.S. 23:1208 provides, in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement of representation.
* * * * * *
E. Any employee violating this section shall, upon determination by hearing officer, forfeit any right to compensation benefits under this chapter.
*528 In the recent case of Resweber v. Haroil Construction Company, 94-2708 (La.9/5/95); 660 So.2d 7, the court specifically addressed La.R.S. 23:1208, and stated:
Section 1208 is clear and unambiguous and as such will be applied as written. La.Civ. Code art. 9; La.R.S. 1:4. Section 1208 clearly applies to any willful false statements or representations made "for the purpose of obtaining or defeating any benefit or payment." Section 1208 has no language limiting it to only certain types of false statements, i.e., statements other than those relating to prior injuries. The legislature has imposed no notice requirement in Section 1208, apparently being of the opinion that any claimant should be on notice that false statements made willfully for the purpose of obtaining workers' compensation benefits will not be tolerated and will result in the forfeiture of those benefits. The only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment.

Resweber, 660 So.2d at 12. (Emphasis added).
Martco strongly asserted in its answer and pre-trial statements that O'Conner had willfully made material misrepresentations for the purpose of obtaining benefits. The hearing officer noted Martco's assertion as being at issue. Although the hearing officer acknowledged this issue in her reasons for judgment, she never addressed Martco's assertion that O'Conner had made false statements. The hearing officer's failure to rule on this issue is an error as a matter of law.
The record clearly shows that O'Conner misrepresented material facts for the purpose of obtaining benefits. Initially, we note that O'Conner misrepresented the date he requested an examination by a doctor of his choosing. O'Conner testified that he requested an examination by a doctor of his choice when he first returned to work following his injury. He first stated that he told this to his supervisor, but that he withheld the doctor's name. He later said that he had on numerous occasions specifically asked his supervisor that he be examined by Dr. Warren Williams. He later said that he never told them the doctor's name. While O'Conner's testimony is extremely inconsistent on this issue, the remainder of the record reflects that O'Conner did not request to be examined by Dr. Williams until after he had been terminated on November 2, and only then after his attorney determined he had not seen a doctor of his choice. Even the deposition of O'Conner's personal physician, Dr. Carl. F. Jory, a general practitioner in Bunkie, reflects that O'Conner did not request a neurological evaluation by another physician until well after his termination.
O'Conner made false statements on a second occasion under oath during trial. He testified that he continued to be disabled as a result of the accident. He testified that he was unable to work from the time he was terminated up until trial, before hedging his testimony and admitting that he was attempting to work at another lumberyard, but "[I]t was still the same." O'Conner's wife, Latoya, who was sequestered during his testimony, stated that O'Conner had been working at a lumbermill in Mansfield for a week prior to trial.
A preponderance of the evidence reflects that O'Conner willfully misrepresented the date of his request for an examination and his ability to work for the purpose of obtaining benefits and attorney's fees in violation of La.R.S. 23:1208. Accordingly, he forfeited any right to worker's compensation benefits.
For the foregoing reasons, the judgment of the hearing officer is reversed, and Donald O'Conner's claims for worker's compensation benefits are denied. Costs of this appeal are assessed to claimant, Donald O'Conner.
REVERSED AND RENDERED.
WOODARD, J., concurs.