803 So.2d 1113 (2001)
Charles CLARK
v.
DIAMOND B. CONSTRUCTION.
No. 2000 CA 2146.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
*1114 Bryant W. Conway, Baker, LA, for plaintiff-appellant, Charles Clark.
*1115 Raymond S. Maher, Jr., New Orleans, LA, for defendant-appellee, Diamond B. Construction.
BEFORE: WHIPPLE, FOGG, and GUIDRY, JJ.
GUIDRY, Judge.
This is an appeal of a judgment dismissing an employee's claim for additional workers' compensation benefits and terminating further benefits based on a finding that the employee willfully made false statements and misrepresentations for the purpose of obtaining workers' compensation benefits, in violation of La.R.S. 23:1208. In light of our review of this matter, we affirm.

FACTS AND PROCEDURAL HISTORY
The appellant, Charles Clark, suffered a work-related injury on October 2, 1996 when he slipped and fell from a lowboy trailer, striking his hip and injuring his left shoulder, back and ankle. As a result of the accident, Clark was found to be temporarily, totally disabled from performing his work as a truck driver with Diamond B. Construction and began receiving weekly wage benefits in the amount of $333.28.
On September 16, 1998, a hearing was held at which the workers' compensation judge denied a motion by Diamond B. Construction seeking to terminate Clark's workers' compensation benefits because of an alleged violation of La.R.S. 23:1208.1 for failing to disclose a prior neck injury sustained in 1989. Although the workers' compensation judge found that Clark failed to truthfully answer the employer's inquiry of whether he had ever sustained a prior work-related injury, she nevertheless held that Clark's failure to disclose the prior neck injury did not relate to a claim for which he was currently seeking benefits. The workers' compensation judge then found Clark temporarily, totally disabled and ordered Diamond B. Construction to reinstate Clark's weekly wage benefits and to pay for medical treatment related to Clark's mid to lower back, left arm and left shoulder.[1]
On April 26, 1999, Diamond B. Construction filed a "motion to terminate or reduce compensation benefits." In that motion, Diamond B. Construction asserted that Clark failed to accept a light-duty position offered to him after being released to engage in light-duty employment by his treating physician, Louis C. Blanda, an orthopedic surgeon. Thereafter, Clark filed a disputed claim for compensation against Diamond B. Construction disputing his disability status and later amended his petition to include a demand for past due benefits and for authorization for further medical treatment.
On September 16, 1999, Diamond B. Construction filed a supplemental motion seeking to terminate and/or reduce the compensation benefits paid to Clark based on the alleged violation of La.R.S. 23:1208. In the supplemental motion, Diamond B. Construction alleged that Clark had engaged in employment and earned wages while receiving compensation benefits. Thereafter, Clark again amended his disputed claim for compensation to request penalties and attorney's fees for Diamond B. Construction's failure to timely pay benefits owed to him.
*1116 Although filed under separate docket numbers, the cases were consolidated and heard by the workers' compensation judge on November 18, 1999. Following the hearing, the workers' compensation judge took the matter under advisement and later rendered judgment finding that Clark had violated La.R.S. 23:1208 thereby forfeiting his right to receive further workers' compensation benefits. The workers' compensation judge also rendered an alternative ruling, only in the event that the primary decree was reversed on appeal, that judgment be rendered in favor of Clark awarding him additional compensation benefits, penalties and attorney's fees. From this judgment, Clark timely perfected an appeal to this court.

ASSIGNMENTS OF ERROR
On appeal, Clark avers that the judgment rendered is erroneous and should be reversed for the following reasons:
ERROR NUMBER I
The lower court permitted testimony of "a 1208 violation" in spite of a letter demanding from the defendant employer detailed information about the 1208 violation and when the information was not given, an objection, before the testimony was received, was made that the claim was too general to defend and finally that the nature of the violation was not stated. Both of these were overruled by the court. This was manifest error.
ERROR NUMBER II
The lower court ruled in spite of medical testimony and on the basis of a video surveillance tape that the plaintiff was able to work and committed fraud in stating his inability to work.
ERROR NUMBER III
The lower court ruled that Charles Clark committed a 1208 violation in that he failed to report moneys (sic) received.

DISCUSSION
As a preliminary matter, we will first discuss the irregularity of the judgment rendered. As aforementioned, the matter before the workers' compensation judge was a consolidation of two separate actions filed by the partiesone to terminate benefits and one for the payment of additional benefits. In rendering judgment, the workers' compensation judge made the following decrees:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:
1. Charles Clark has been found to have committed a Louisiana R.S. 23:1208 violation.
2. As such, the motion to terminate of Diamond B Construction is hereby granted. In the alternative, should the Louisiana First Circuit Court of Appeal reverse the judgment on 1208 violations and the motion to terminate;
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:
1. Diamond B. Construction was arbitrary and capricious in refusing to authorize an MRI of Charles Clark's right shoulder and a MRI of Charles Clark's lumbar area.
2. At least one weekly compensation benefit was not paid to Charles Clark.
3. As such, Charles Clark is entitled to a penalty of $2,000.00
4. Bryant W. Conway is entitled to attorney's fees of $2,000.00.
Under the circumstances of this case, the action taken by the workers' compensation judge in granting relief in the alternative was in violation of Louisiana jurisprudence, which states that a judgment must be definite and certain. Crefasi v. Crefasi, 628 So.2d 1274, 1276-1277 (La. App. 3rd Cir.1993); Key v. Key, 519 So.2d *1117 319, 321 (La.App. 2nd Cir.1988); Pepe v. Tournage, 128 So.2d 56, 58 (La.App. 1st Cir.1961). As stated by the court in Russo v. Fidelity & Deposit Co., 129 La. 554, 561, 56 So. 506, 508 (1911) quoting Black on Judgments, pars. 114, 118: "a judgment must be definitive. It must purport to be the actual and absolute sentence of the law, as distinguished from the finding that one of the parties is entitled to a judgment."
In essence, the appellee is put in the untenable position of having to oppose a judgment technically not rendered against it in the event the primary decree is overturned. At the same time, the appellee must also defend and support the primary decree rendered in its favor. As such, the alternative relief granted by the workers' compensation judge in its ruling renders the judgment uncertain and indefinite. However, rather than vacate the entire judgment, we vacate the portion of the judgment rendering it uncertain and indefinite, i.e. the alternative provisions, and will limit our review of Clark's appeal to the primary decree, that being that Clark violated La.R.S. 23:1208 and thereby forfeited his right to further compensation benefits. See McCall v. Henry 539 So.2d 819 (La.App. 3rd Cir.1989).
In his assignments of error, Clark raises two issues for our review: (1) whether the workers' compensation judge improperly allowed evidence to be introduced regarding Clark's alleged violation of La.R.S. 23:1208; and (2) whether the workers' compensation judge's determination that Clark violated La.R.S. 23:1208 was correct.
In regard to Clark's first assignment of error, we find no merit in his contention that the workers' compensation judge erred in allowing evidence to be introduced in support of Diamond B. Construction's claim that Clark violated La. R.S. 23:1208. As correctly pointed out by the workers' compensation judge, Clark's counsel did not properly seek clarification of the claims made against his client or to ascertain the factual evidence that supported the claims. At the hearing, Clark's counsel stated the following in regard to his request for clarification:
That's right, judge. Just one thing, I had written for clarification for the 1208 and I never received it. I filed my objection in the record somewhere, it should be in the record. Excuse me, I didn't receive the clarification of the 1208.
It's on a little letter form that I addressed to Mr. Maher, and I asked for certain specifics, like define the 1208, define the employment. I faxed one to this court.
Procedurally, Clark had two options for obtaining the clarification he sought. First, he could have timely filed a dilatory exception for vagueness. La.C.C.P. art. 926; Snoddy v. City of Marksville, 97-327 (La.App. 3 Cir. 10/8/97), 702 So.2d 890, 899. Second, as pointed out by the workers' compensation judge, he could have propounded discovery to Diamond B. Construction. La.C.C.P. art. 1420 et seq. We therefore reject this assignment of error.
We now reach the crux of this appeal, that is, whether Clark made willful misrepresentations in order to obtain workers' compensation benefits in violation of La.R.S. 23:1208. La.R.S. 23:1208 provides, in pertinent part:
§ 1208. Misrepresentations concerning benefit payments; penalty
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

*1118 B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer or claimant to willfully make a false statement or representation.
* * *
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
* * *
G. Whenever an employee receives benefits pursuant to this Chapter for more than thirty days, the employee shall report his other earnings to his employer's insurer quarterly on a form prescribed by the director.
H. (1) Whenever an employee fails to report to his employer's insurer as required by this Section within fourteen days of his receipt of the appropriate form, the employee's right to benefits as provided in this Chapter may be suspended. If otherwise eligible for benefits, the employee shall be entitled to all of the suspended benefits after the form has been provided to the insurer.
In Resweber v. Haroil Construction Company, 94-2708, pp. 1-2 (La.9/5/95), 660 So.2d 7, 9, the Louisiana Supreme Court identified the circumstances warranting application of the provisions of La.R.S. 23:1208:
Louisiana Revised Statutes 23:1208 applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining workers' compensation benefits and therefore generally becomes applicable at the time of an employee's accident or claim. This broadly worded statute encompasses false statements or misrepresentations made to anyone, including the employer, physicians or insurers, when made willfully or deliberately for the purpose of obtaining benefits. It contains no requirement that an employee be put on notice of the consequences of making such false statements or misrepresentations.
Accordingly, in order to find that a claimant has forfeited his or her right to compensation benefits, La.R.S. 23:1208 requires that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Our Lady of the Lake Regional Medical Center v. Helms, 98-1931, p. 8 (La.App. 1st Cir. 9/24/99), 754 So.2d 1049, 1054-55, writ denied, 99-3057 (La.1/7/00), 752 So.2d 863. The issue of whether an employee forfeited his workers' compensation benefits is one of fact, which is not to be reversed on appeal, absent manifest error. Hull v. Fluker Farms, 00-0757, p. 6 (La.App. 1st Cir. 5/11/01), 787 So.2d 535, 539, writ denied, 01-2291 (La.11/16/01), 802 So.2d 612.
In her reasons for judgment, the workers' compensation judge found that Clark had violated Section 1208 in two respects. First, the workers' compensation judge found that Clark had misrepresented his physical abilities based on the deposition testimony of Nelson Grantt Guillory and her observations of the activities Clark performed in a surveillance videotape introduced into evidence at the hearing in contrast to Clark's deposition testimony and trial testimony. Specifically, the workers' compensation judge found that based on the evidence, she saw no reason why Clark could not perform the job of flagger offered to him.
In her reasons for judgment, the workers' compensation judge noted that she had observed Clark

*1119 standing, sitting, squatting, and I'm talking for long periods of time, climbing up into that loader, working that loader.... I mean all the film I watched of him on that site, there was absolutely no evidence of him being in any kind of pain or having any problems maneuvering.... what did concern me is that he says he can't stand on the roadside and hold a sign up or a flag up, but he can do what I saw him do on that videotape.
In reviewing the videotape, we too observed Clark performing the activities noted by the workers' compensation judge.
On appeal, Clark does not dispute the observations made by the workers' compensation judge, rather he excuses his conduct as observed on videotape by stating that whenever he engages in more strenuous activities, he takes additional pain medication. He further argues that he relied on the medical findings of Dr. David Jarrott, a neurosurgeon, that he is 100% disabled based on his back, as a basis for rejecting the flagger position offered him. However, the workers' compensation judge also had before her the deposition testimony of Dr. Blanda, who stated that as early as 1997, he found that Clark had reached maximum medical improvement (MMI) for his back and that by April 1999, he had reached MMI for his left shoulder, and therefore released Clark to return to medium-level work activity. Throughout her reasons for judgment, the workers' compensation judge makes it clear that she did not find Clark credible.
As we previously stated, our review of the workers' compensation judge's determination of whether the claimant violated La.R.S. 23:1208 is governed by the manifest error standard of review. Therefore, we cannot set aside the trial court's factual findings unless we determine there is no reasonable factual basis for the finding and the finding is clearly wrong. Short v. Plantation Management Corporation, 99-0899, p. 9 (La.App. 1st Cir. 12/27/00), 781 So.2d 46, 55. Thus, if the finding is reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). Moreover, when findings are based on a credibility determination, a factfinder's decision to credit the testimony of one of two or more witnesses can virtually never be manifestly erroneous or clearly wrong. Hull, 00-0757 at 6, 787 So.2d at 540.
Accordingly, after having reviewed the record in its entirety, we cannot say that the workers' compensation judge was clearly wrong in her determination that Clark violated La.R.S. 23:1208 based on the evidence before us. See Hull, 00-0757 at 10-11, 787 So.2d at 541-542; O'Conner v. Martco Partnership, 96-260, p. 5 (La. App.3rd Cir. 1/29/97), 689 So.2d 526, 528; Trapani v. Domino Sugars, 95-2529, p. 4 (La.App.4th Cir. 6/5/96), 675 So.2d 1211, 1213.
The workers' compensation judge also found that Clark violated La.R.S. 23:1208 by virtue of his misrepresenting the nature of his work activities on a form Diamond B. Construction requested he fill out. However, in light of our upholding the workers' compensation judge's determination that Clark violated La.R.S. 23:1208 in regard to physical ability to perform the flagger position, we pretermit any discussion of the workers' compensation judge's second basis for finding that Clark violated La.R.S. 23:1208.

*1120 CONCLUSION
For the foregoing reasons, we affirm the judgment of the Office of Workers' Compensation Administration. All costs of this appeal are assessed to appellant, Charles Clark.
AFFIRMED.
NOTES
[1] Also at issue at the September 16, 1998 hearing was whether all of Clark's medical complaints were attributable to his workplace accident. The workers' compensation judge found that treatment related to any complaints of pain in the neck and/or "low, low back" radiating into the groin area were not compensable because they were attributable to either the prior neck injury or a February 6, 1998 motor vehicle accident involving Clark.