J^FOIL, J.
This appeal challenges a denial of workers’ compensation benefits on the basis that the claimant made false statements *172 for the purpose of obtaining benefits. Finding no manifest error in that determination, we affirm.
FACTS AND PROCEDURAL BACKGROUND
Jerry Loyell was employed by the Town of Clinton as a laborer. On August 16, 1999, he was assisting his supervisor and two other workers in pumping out a contact chamber. The water pump, which was bolted down to a trailer, was not working properly. Mr. Loyell stepped onto a concrete block and attempted to step onto the trailer when he slipped and fell backward, twisting his knee. Mr. Lo-yell continued working that day, though he continued to have pain. He called the next day and reported that he could not work because of the pain. Mr. Loyell never returned to work with the Town of Clinton.
On the day after the accident, Mr. Loyell saw a general physician, Dr. Rathbone. Dr. Rathbone treated him conservatively, but later referred him to an orthopedic surgeon, Dr. Theodore Knatt. Following persistent complaints of neck and back pain, Dr. Knatt referred Mr. Loyell to a neurosurgeon, Dr. Horace Mitchell. Dr. Mitchell treated Mr. Loyell’s back and neck conservatively, but ultimately requested authorization for cervical surgery.
Throughout Mr. Loyell’s treatment by these various doctors, the Town of Clinton paid weekly indemnity benefits and medical expenses. When Dr. Mitchell requested authorization for cervical surgery, the Town of Clinton challenged Mr. Loyell’s right to benefits. It filed a disputed claim form with the Office of Workers’ Compensation on February 1, 2000. Thereafter, on November 20, 2000, the Town of Clinton filed a supplemental and amending claim. It asserted that Mr. Loyell forfeited his right to receive compensation benefits pursuant to La. R.S. 23:1208 because he made false statements for |sthe purposes of obtaining benefits and submitted fraudulent mileage claims for the purposes of obtaining benefits. Mr. Loyell answered, denying the Town’s assertions and seeking approval for the surgery recommended by Dr. Mitchell.
Following a hearing, the workers’ compensation judge (WCJ), Pamela Moses-Laramore, found a section 1208 violation in Mr. Loyell’s representation of how the accident occurred and therefore forfeited his right to any future benefits. This appeal by Mr. Loyell followed.
DISCUSSION
In six assignments of error on appeal, Mr. Loyell urges that the WCJ- erred in several respects in applying La. R.S. 23:1208 to the facts of this case. We disagree with the arguments made by appellant.
La. R.S. 23:1208 provides that an employee who makes a false statement or misrepresentation for the purpose of obtaining workers’ compensation benefits shall forfeit his right to those benefits. In order to find a forfeiture of benefits, a workers’ compensation judge must determine that (1) there is a false statement; (2) it is willfully made and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Construction Company, 94-2708, 94-3138, p. 7 (La.9/5/95), 660 So.2d 7, 12. As these inquiries involve inherently factual determinations, the manifest error standard governs this court’s review of the WCJ’s findings. Under that standard of review, this court may only reverse the WCJ’s decision if we find (1) there is no reasonable factual basis for the finding in the record and (2) the finding is clearly wrong or manifestly erroneous. Stobart v. State, Department of Development and *173 Transportation, 617 So.2d 880, 882 (La.1993).
In oral reasons for judgment in this case, the WCJ stated she believed Mr. Loyell misrepresented the severity of the accident or the way the accident occurred. In his statement to the claims adjuster on August 23, 1999, Mr. Loyell stated he slipped and fell, twisting his knee. When he |4slipped, his knee got wedged between the trailer and the tire. In that statement, Mr. Loyell did not state that he hit the ground and struck his ..buttocks, his back and his head, which is what he stated in his deposition on September 1, 2000, and at trial on February 22, 2001. The WCJ further noted that Mr. Loyell did not report that to Dr. Knapp when he first went in to see him after the accident. The WCJ stated she was of. the opinion that the accident did not occur in the manner in which he described it to her at trial. She stated that “somewhere between August 23, 1999 and his deposition ... he decided to change how this accident had occurred.” The WCJ further stated:
But I can’t make sense of that big of a chance [sic] in the story. It doesn’t jive. It doesn’t make sense to me. I can’t believe it. I think that somewhere along the line he felt that in order for it to be compensable, he had to have hit it. So he started changing — he changed how the accident happened or the severity of the accident by saying, yes, I hit the ground. Actually, I’m finding a 1208 violation of his representation to the Court of how the accident happened from the representation at the deposition forward.
After a thorough review of the record, we find no manifest error in the WCJ’s determination that Mr. Loyell made false representations for the purpose of obtaining benefits. Accordingly, we affirm the decision below. ■ All costs of this appeal are assessed to appellant, Jerry Loyell.
AFFIRMED.
Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.