858 So.2d 676 (2003)
ROWAN COMPANIES, INC.
v.
James Ronald POWELL, Jr.
James Powell
v.
Rowan Companies.
Nos. 2002 CA 1894, 2002 CA 1895.
Court of Appeal of Louisiana, First Circuit.
July 2, 2003.
Writ Denied November 14, 2003.
*677 M. Blake Monrose, Lafayette, Counsel for Defendant/Appellee Rowan Companies, Inc.
Michael L. Hebert, Baton Rouge, Counsel for Claimant/Appellant James Powell.
Before: KUHN, DOWNING, and GAIDRY, JJ.
KUHN, J.
Claimant-appellant, James Powell, appeals a judgment that concludes he willfully made a false statement or representation for the purpose of obtaining workers' compensation benefits and, therefore, has forfeited any right to compensation benefits. In addition, the judgment awards to defendant-appellee, Rowan Companies, *678 Inc. (Rowan), restitution of all benefits in the total amount of $52,316.62 and a $5,000.00 civil penalty. The judgment expressly denies claimant's request for indemnity benefits, attorney's fees, and a penalty against Rowan. We affirm.

FACTUAL AND PROCEDURAL HISTORY
In April 1999, claimant, a driller working for Rowan on Rig 14, advised the rig superintendent that he had injured his back. Rowan commenced payment of indemnity benefits and paid claimant's medical expenses. Rowan discontinued payment of benefits, and on August 18, 2000, filed a disputed claim with the Office of Workers' Compensation (OWC), averring claimant had willfully made a false statement or representation for the purpose of obtaining workers' compensation benefits and requesting restitution as well as an assessment of a civil penalty for the misrepresentation. Claimant filed his own disputed claim (1008 form), alleging as the basis of his dispute that indemnity and medical benefits had been terminated.[1] Responsive pleadings were filed by the parties.
After consolidation of the lawsuits, discovery, and numerous continuances, on April 11, 2002, the matter proceeded to a hearing on the merits. On June 10, 2002, the workers' compensation judge (WCJ) issued a judgment dismissing claimant's request for benefits, attorney's fees, and a penalty. The judgment also concluded that claimant had forfeited any right to compensation benefits and ordered him to pay restitution and a civil penalty to Rowan. This appeal by claimant followed.
On appeal, claimant challenges the WCJ's conclusions that: (1) Rowan was entitled to place into the record evidence of claimant's alleged misrepresentations; (2) claimant made a false statement and/or representation for the purpose of obtaining benefits; and (3) claimant was not entitled to both indemnity and medical benefits.

Louisiana Revised Statute 23:1208
Louisiana Revised Statute 23:1208 provides in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* * *
D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
The only requirements for forfeiture of benefits under La. R.S. 23:1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating *679 any benefit or payment. Resweber v. Haroil Const. Co., 94-2708, p. 7 (La.9/5/95), 660 So.2d 7,12.
The legislature has determined workers' compensation fraud is a severe and growing problem and has continually amended La. R.S. 23:1208 to make it easier to enforce and to make the penalties stiffer. It is clear from the history of the statute that the legislature intended that any false statements or representations willfully made for the purpose of obtaining benefits would result in forfeiture of those benefits, and this legislative intent cannot be ignored. Resweber, 94-2708 at p. 8, 660 So.2d at 12-13.

Admission of Evidence of Alleged La. R.S. 23:1208 Violation
Claimant's first complaint on appeal challenges the WCJ's ruling on his motion in limine, which sought to exclude any evidence tending to prove he violated La. R.S. 23:1208. Claimant asserts that by averring he violated La. R.S. 23:1208, Rowan has in actuality alleged that he has committed a fraud. Because fraud must be pleaded with specificity, see La. C.C.P. arts. 856 and 1005, and Rowan's allegations do not set forth in particularity the underlying factual basis, claimant urges that no evidence on the issue of whether he willfully made a false statement or representation for the purpose of obtaining workers' compensation benefits should have been admitted. Thus, he maintains, the WCJ's ruling on the motion in limine was erroneous.
Louisiana Code of Civil Procedure article 926 provides in relevant part:
A. The objections which may be raised through the dilatory exception include but are not limited to the following:
* * *
(5) Vagueness or ambiguity of the petition.
* * *
B. All objections which may be raised through the dilatory exception are waived unless pleaded therein.
Claimant could have filed an exception objecting to the vagueness of the petition, see Clark v. Diamond B. Const., 2000-2146, p. 5 (La.App. 1st Cir.12/28/01), 803 So.2d 1113, 1117, but chose not to do so. Thus, under La. C.C.P. art. 926 B, his objection to the vagueness of Rowan's claim was waived. Moreover, the record establishes ample time for discovery. Although the allegations of a La. R.S. 23:1208 violation set forth in Rowan's separately-filed claim as well as those stated in the affirmative defense in Rowan's responsive pleading to claimant's disputed claim are conclusory, claimant could have readily utilized the available discovery mechanisms[2] to ascertain the underlying facts. See Clark, 2000-2146 at p. 5, 803 So.2d at 1117. Cf. Abadie v. Metropolitan Life Ins. Co., 00-344 (La.App. 5th Cir.3/28/01), 784 So.2d 46, writs denied, XXXX-XXXX, XXXX-XXXX, XXXX-XXXX, XXXX-XXXX, XXXX-XXXX, XXXX-XXXX, XXXX-XXXX (La. 12/14/01), 804 So.2d 642, 643, 644 (allegations that members of a trade association committed a fraud, conspiring among themselves and with other asbestos manufacturers, distributors, and trade organizations to cause injury to plaintiffs were sufficient to place one of numerous defendants, who had been added to lawsuit by supplemental and amending petition, on notice of the fraud allegations); see also Young v. State Farm Fire & Cas. Ins. Co., 426 So.2d 636, 640-41 (La.App. 1st Cir.1982), writ denied, 433 So.2d 148 (La. 1983)(although affirmative *680 defense alleging fraud must be pled with particularity and pleadings were rather conclusory, the evidence concerning the affirmative defense was properly considered since plaintiff had been fairly apprised of the nature of the affirmative defense before trial by both the allegation in defendant's answer and from answers to interrogatories).
We find no error in the WCJ's ruling allowing evidence that claimant violated La. R.S. 23:1208. See La. C.E. art. 103; Brumfield v. Guilmino, 93-0366, p. 13 (La. App. 1st Cir.3/11/94), 633 So.2d 903, 911, writ denied, 94-0806 (La.5/6/94), 637 So.2d 1056.

Propriety of WCJ's Conclusion of La. R.S. 23:1208 Violation
Claimant contends the WCJ issued a judgment finding that he violated La. R.S. 23:1208 but failed to specify the basis of that conclusion.
The determination of whether there is a false statement or representation willfully made for the purpose of obtaining any benefit or payment involves inherently factual determinations and, thus, this court's review of those findings by the WCJ is governed by the manifest error standard. Town of Clinton v. Loyell, XXXX-XXXX, p. 3 (La.App. 1st Cir.6/21/02), 822 So.2d 171, 172, writ denied, 2002-2051 (La.11/1/02), 828 So.2d 573. Under that standard of review, this court may only reverse the WCJ's decision if we find (1) there is no reasonable factual basis for the finding in the record and (2) the finding is clearly wrong or manifestly erroneous. Town of Clinton, XXXX-XXXX at p. 3, 822 So.2d at 172 Inciting Stobart v. State, Through Dep't of Dev. and Transp., 617 So.2d 880, 882 (La.1993)).
Counsel for claimant states that because an express basis for the WCJ's conclusion was not given, he "believes it would be a waste of time to speculate on what facts will be argued" as a violation of La. R.S. 23:1208 and urges that this court "understand [his] predicament...."
We initially note that Section 6303(2) of the OWC Rules states:
Written reasons shall only be rendered if requested in written form by any party to the claim within ten days of the signing of the judgment. The written reasons shall be issued by the judge not later than thirty days following the request.
See also La. C.C.P. art.1917. Thus, having failed to request written reasons for the WCJ's judgment, counsel for claimant has placed himself in this predicament. This court may consider as abandoned any specification or assignment of error which has not be briefed. See Uniform Rules-Courts of Appeal, Rule 2-12.4. Thus, by failing to address implicit factual findings contained in this record which support the WCJ's conclusion that claimant violated La. R.S. 23:1208, claimant has abandoned this assignment of error.
There is ample evidence to support the WCJ's conclusion claimant willfully made false statements and representations for the purpose of obtaining workers' compensation benefits and payments. Without detailed elaboration and referencing but one example of the numerous implicit findings which support the WCJ's conclusion, our review of the record shows that the WCJ could have concluded claimant's first false statement or representation was when he reported to his employer that he had injured himself in a work-related accident. Although claimant recalled having three incidents that he believed ultimately culminated in the back injury of which he complains, the three co-employees that he identified as witnesses to one or two of the events each testified that he did not remember the incident. And each of these *681 witnesses very confidently testified that had the incident occurred as described by claimant, he would have recalled being present. Mindful of the entirety of the record, we find no manifest error in the WCJ's determination that claimant violated La. R.S. 23:1208.[3] The WCJ correctly ordered that claimant forfeited any right to compensation benefits. As such, claimant is not entitled to either indemnity or medical benefits and the WCJ did not err in so concluding.

DECREE
The OWC judgment is affirmed. Appeal costs are assessed against claimantappellant, James Powell.
AFFIRMED.
NOTES
[1] The disputed claim form is dated "8-15-00," in longhand. The file stamp indicates the form was received on August 25, 2000, which is the date that the OWC official minutes state that the form was received. Above the file stamp is the date, August 18, 2000, the date Rowan's claim was filed.
[2] See La. C.C.P. arts. 1420-1475.
[3] Although claimant has lodged no complaints directed at the amount of either the restitution ordered or the civil fine imposed, because under La. R.S. 23:1208 restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct, we note that the record supports findings that the fraud commenced as early as claimant's report of injury to his back because of a work-related accident and that Rowan became aware of the fraudulent conduct by the time of claimant's March 24, 2000 deposition. And while Rowan submitted evidence showing the total amounts it incurred through August 2000 when it terminated benefits, the WCJ limited the amount of restitution for amounts incurred through March 24, 2000.