STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-675


RITA BERGERON

VERSUS

CAJUN KWIK MART, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION  DISTRICT # 3
PARISH OF CALCASIEU, NO. 02-2319
HONORABLE SAM L. LOWERY
WORKERS' COMPENSATION JUDGE

**********

**NED E. DOUCET,  JR.**
**CHIEF JUDGE**

**********

Court composed of Ned E. Doucet, Jr., Chief Judge, Oswald A. Decuir, and Marc T. Amy, Judges.



**AFFIRMED AS AMENDED.**



**R. Scott McClain**
**Attorney at Law**
**P.O. Box 1019**
**Lake Charles, LA 70602**
**Counsel for Plaintiff/Appellee:**
    **Rita Bergeron**

**Dennis Ray Stevens**
**Gibbens & Stevens**
**222 W. St. Peter**
**New Iberia, LA 70560**
**Counsel for Defendant/Appellant:**
    **Cajun Kwik Mart, Inc.**

DOUCET, Chief Judge.

Defendant, Cajun Kwik Mart, Inc., appeals a judgment of an Office of Workers' Compensation (OWC) judge reinstating Claimant's, Rita Bergeron's, benefits as of November 27, 2001, and awarding her $2,000.00 in penalties and $1,000.00 in attorney's fees for Defendant's failure to provide medical care. Claimant answered the appeal seeking additional attorney's fees. We affirm in part and amend in part the judgment of the OWC judge.

**FACTS**

The parties entered into the following stipulations: 1) Claimant was injured in the course and scope of her employment on February 26, 2000; 2) her average weekly wage was $194.34; 3) her correct compensation rate was $129.57 weekly; and 4) benefits were paid to Claimant through November 27, 2001.

The issues before the OWC judge were whether benefits should be continued beyond November 27, 2001, and whether Defendant had proven Claimant violated the provisions of La.R.S. 23:1208, thus forfeiting her right to benefits.

**LAW AND DISCUSSION**

On appeal, Defendant's only specification of error argues "that the Trial Court erred in its application of LSA-R.S. 23:1208. . . . when considering the specific deposition testimony of Rita Bergeron and the video tape evidence showing Rita Bergeron's activities."

Louisiana Revised Statute 23:1208 provides in pertinent part:

> A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
>
> . . . .

1

E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

In *Flintroy v. Salvage*, 36,857, pp. 12-13 (La.App. 2 Cir. 3/10/03), 839 So.2d 1231, 1238, *writ denied*, 03-1068 (La. 6/6/03), 845 So.2d 1093, our brethren of the second circuit commented on the application of La.R.S. 23:1208 stating as follows:

> La.R.S. 23:1208 authorizes forfeiture of benefits upon proof that (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. The statute applies to any false statement or misrepresentation made willfully by a claimant for the purpose of obtaining benefits. *Resweber v. Haroil Construction Co.*, 94-2708 (La.09/05/95), 660 So.2d 7. All of these requirements must be present before a claimant can be penalized. *Nolan v. Rawls Farming Co.*, 35,086 (La.App.2d Cir.10/31/01), 801 So.2d 524, *writ denied*, 02-0001 (La.03/15/02), 811 So.2d 910; *Harris v. Bancroft Bag, Inc.*, 30,431 (La.App.2d Cir.04/09/98), 714 So.2d 44. Because this statute is penal in nature, it must be strictly construed, both in its substantive ambit and in its penalty provisions. *Chevalier v. L.H. Bossier, Inc.*, 95-2075 (La.07/02/96), 676 So.2d 1072; *Smalley v. Integrity, Inc.*, 31,247 (La.App.2d Cir.12/09/98), 722 So.2d 332, *writ denied*, 99-0072 (La.03/19/99), 739 So.2d 782.

*See also, Wallace v. Lavergne Transport*, 02-0123 (La.App. 3 Cir. 6/12/02), 819 So.2d 508, *writ denied*, 02-1896 (La.10/25/02), 827 So.2d 1176.

Recently, in *Rowan Companies, Inc. v. Powell*, 02-1894 c/w 02-1895, p._ (La.App. 1 Cir. 7/2/03), ___ So.2d ___, ___, the first circuit observed:

> The determination of whether there is a false statement or representation willfully made for the purpose of obtaining any benefit or payment involves inherently factual determinations and, thus, this court's review of those findings by the WCJ is governed by the manifest error standard. *Town of Clinton v. Loyell*, 2001-1608, p. 3 (La.App. 1st Cir.6/21/02), 822 So.2d 171, 172, *writ denied*, 2002-2051 (La.11/1/02), 828 So.2d 573. Under that standard of review, this court may only reverse the WCJ's decision if we find (1) there is no reasonable factual basis for the finding in the record and (2) the finding is clearly wrong or manifestly erroneous. Town of Clinton, 2001-1608 at p. 3, 822 So.2d at 172 (*citing Stobart v. State, through Dep't of Dev. and Transp.*, 617 So.2d 880, 882 (La.1993)).

In his oral reasons for judgment, the Workers' Compensation Judge stated:

Having heard and seen all of the evidence, I want the record to reflect that the decision is made completely on the careful, firsthand observation of the evidence that was submitted, particularly the video tape, and the explanation of the video tape by the -- by the inspector and the medical reports that were submitted. I find that this -- that the conduct of Ms. Bergeron, while impacting perhaps on her extent of disability, does not equate to fraud; and I also find that the termination of her benefits with the resulting denial of further medical treatment does rise to the level of arbitrary and capricious behavior.

After examining the record and exhibits, we cannot say that there is no reasonable factual basis for the finding by the Workers' Compensation Judge or that his finding is clearly wrong.

Appellant relies on a surveillance tape made at Jeff's Pool Place in November 2001. Ms. Bergeron explained that, at that time, her husband was managing the pool-hall and that she spent three or four days a week at the business. However, she denied that she was employed there. There is no evidence to rebut her claim. The surveillance tape of Ms. Bergeron shows her vacuuming with a "shop-vac," but neither emptying it nor picking it up. It also shows her serving drinks at the pool-hall bar, but neither stocking the coolers nor doing any heavy lifting. Ms. Bergeron admitted to spending many hours a day at the pool-hall, but explained that there was a cot in the back where she could lay down when her pain mandated she rest. The defense brought forth no testimony or evidence to dispute this. While Ms. Bergeron maintains she cannot "weed-eat" or engage in other strenuous activities, she did admit that she could do light chores such as cooking, washing dishes, grocery shopping and sweeping. Her use of the shop-vac appears to be consistent with her testimony as to the activities in which she could engage. While there is some discrepancy between Ms. Bergeron's testimony and what is depicted on the surveillance video, we, as did the Workers' Compensation Judge, find that these discrepancies do not equate to fraud, but rather reflect on the extent of her disability.

3

The Appellant did not question the award of penalties and attorney's fees. Hence, whether those items were warranted is not before this court. However, Claimant did answer the Defendant's appeal seeking additional attorney's fees. After considering the record, we amend the judgment to increase the attorney's fees award from $1,000.00 to $2,500.00 and affirm that judgment as amended.

**AFFIRMED AS AMENDED.**