# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 05-1562


**CHARLES GUIDRY**

**VERSUS**

**STABIL DRILL SPECIALIST**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF ACADIA, NO. 04-04418
SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

### OSWALD A. DECUIR
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Marc T. Amy, Judges.

**Cooks, J., dissents.**

**AFFIRMED.**


**John J. Rabalais**
**Janice B. Unland**
**Robert T. Lorio**
**Rabalais, Unland & Lorio**
**5100 Village Walk, Suite 300**
**Covington, LA 70433**
**(985) 893-9900**
**Counsel for Defendant/Appellee:**
    **Stabil Drill Specialist**

**Charles Guidry**
**In Proper Person**
**P. O. Box 302**
**Church Point, LA 70525**
**(337) 684-2767**

**DECUIR, Judge.**

At issue in this workers' compensation case is the finding that the claimant, Charles A. Guidry, willfully made false statements and representations for the purpose of obtaining benefits. After eight years of paying compensation benefits totaling over $225,000.00, the employer, Stabil Drill Specialties, began to doubt the veracity of the claimant's continued complaints of disability. Pursuant to an investigation, the employer terminated benefits in May of 2004, and this claim ensued. The employer moved for summary judgment, submitting as evidence the deposition testimony of the court-appointed medical examiner and reports compiled from video surveillance of the claimant, as well as other documentation. The workers' compensation judge granted summary judgment in the employer's favor. Guidry now appeals, *pro se,* the summary judgment rendered against him.

Guidry was injured in 1996 when he fell into a vat and sustained serious injury to his back. He has undergone extensive testing, two back surgeries, vocational rehabilitation, and pain management. At the time of the summary judgment hearing, and in the four years prior to the hearing, Guidry was undergoing only pain management and was on prescription pain medication. He is 46 years old, has a seventh grade education, and is receiving social security disability benefits.

In his opposition to the employer's motion for summary judgment, Guidry states that he is permanently disabled. He contends that he is in constant pain, takes medication every day, and is unable to do any type of work. However, he does have some good days, and he suggests that the activities depicted in the surveillance tape were not representative of his true condition because he was filmed on days when he was feeling well. Furthermore, as an example of his abilities, he contends the yard work shown in the tape, which took him more than an hour, should have taken no more than fifteen minutes.

In addition to his defense of the videotaped activities, Guidry also characterizes Dr. Angela Mayeux's testimony as "suspect." She based her opinion that Guidry is exaggerating his complaints on several factors, including symptom misrepresentation (known as positive Waddell signs), inconsistent findings upon examination as opposed to the way he moved around her office, and Guidry's actions when leaving the office. Dr. Mayeux explained that she watched Guidry through a window as he left her office; she observed him walking rapidly and holding his cane, no longer leaning on it as he had done in her office. Dr. Mayeux's opinion was that Guidry is able to do sedentary work and should not be on narcotic pain medication.

The workers' compensation judge found that Guidry made misrepresentations of his physical condition for the purpose of obtaining benefits and violated La.R.S. 23:1208. In oral reasons for judgment, the court stated:

> Those inconsistencies directly relate to Mr. Guidry's capacity for activity and his veracity as to his pain level. The law allows for some exaggeration or puffery. This goes beyond that. Every opportunity to self-limit, Mr. Guidry takes advantage of either in his observed activities or public activities and his representations which stands in stark contrast to what he believes to be private activities. It goes beyond mere exaggeration or puffery and does reach the level of being an intent to deceive for the purpose of maintaining his benefits.

An employer's successful defense under Section 1208 requires proof, by a preponderance of the evidence, of three elements: (1) a false statement or representation, (2) willfully made, (3) for the purpose of obtaining any benefit or payment. *Resweber v. Haroil Const. Co.,* 94-2708 (La. 9/5/95), 660 So.2d 7; *Labor Finders v. Batiste,* 04-1586 (La.App. 3 Cir. 4/6/05), 899 So.2d 190, *writ denied*, 05-1149 (La. 6/24/05), 904 So.2d 743*; O'Conner v. Martco Partnership,* 96-260 (La.App. 3 Cir. 1/29/97), 689 So.2d 526. Ordinarily, the determination of whether those elements have been satisfied is considered on appeal under the manifest error standard of review. *Labor Finders; Jenkins v. Roy O. Martin Lumber, Inc.,* 03-1435

2

(La.App. 3 Cir. 3/3/04), 868 So.2d 250, *writ denied,* 04-1140 (La. 6/25/04), 876 So.2d 844. However, because these issues have been raised in a summary judgment proceeding, we must review *de novo* the ruling of the workers' compensation judge. *Gibson v. Shaw Global Energy Serv.*, 04-547 (La.App. 3 Cir. 10/27/04), 885 So.2d 707, *writ denied*, 04-2920 (La. 2/4/05), 893 So.2d 876; *Louisiana Swabbing Serv., Inc. v. Enterprise Products Co.*, 00-1161 (La.App. 3 Cir. 5/2/01), 784 So.2d 862, *writ denied*, 01-1594 (La. 9/14/01), 796 So.2d 684.

Upon *de novo* review, we find the record in its entirety reveals no genuine issue of material fact in dispute. Accordingly, the employer is entitled to judgment as a matter of law. *See* La.Code Civ.P. art. 966(B); *Doerr v. Mobil Oil Corp.,* 00-0947 (La. 12/19/00), 774 So.2d 119. We find the evidence sufficiently supports the conclusion that willful misrepresentations were made for the purpose of obtaining benefits. The claimant simply did not present evidence establishing a material issue of fact, and summary judgment was properly rendered against him.

For the foregoing reasons, the judgment appealed from is affirmed. Costs of this appeal are assessed against Charles A. Guidry.

**AFFIRMED.**