# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 16-387

**EARNEST HYPOLITE**

**VERSUS**

**LOUISIANA WORKERS' COMPENSATION CORP., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 9
PARISH OF IBERIA, NO. 13-04885
ELIZABETH CLAIRE LANIER, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Joseph Lomax Jordan, Jr.**
**1817 W. University Ave.**
**Lafayette, LA 70506**
**(337) 233-9984**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Earnest Hypolite**

**Matthew Robert Richards**
**Johnson, Rahman & Thomas**
**2237 S. Acadian Thruway**
**Baton Rouge, LA 70898-8001**
**(225) 231-0521**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Louisiana Workers' Compensation Corporation**
    **M. A. Patout & Son, LTD., L.L.C.**

**EZELL, Judge.**

Earnest Hypolite appeals the decision of the workers' compensation judge that he forfeited his right to workers' compensation benefits because he deliberately made false statements in order to obtain workers' compensation. For the following reasons, we hereby affirm the decision of the workers' compensation judge.

## FACTS

On April 30, 2012, Mr. Hypolite sustained a workplace accident in the course and scope of his employment at the M.A. Patout sugar mill, when he slipped and fell, allegedly aggravating a prior injury to his back. Indemnity and medical benefits were paid by M.A. Patout and their workers' compensation insurer, the Louisiana Workers' Compensation Corporation (LWCC). LWCC terminated those benefits on July 7, 2012, after investigating Mr. Hypolite's claim and coming to the conclusion that he had made false statements to his treating physician, Dr. John Sledge, III, and that he was collecting income from a personal business while he was receiving temporary total disability benefits.[1]

After a five-day trial, the workers' compensation judge found that Mr. Hypolite had violated La.R.S. 23:1208 by making false statements and that he forfeited his right to receive workers' compensation benefits. From that decision, Mr. Hypolite appeals.

## FORFEITURE OF BENEFITS

On appeal, Mr. Hypolite asserts six assignments of error. He claims that the workers' compensation judge erred (1) in finding fraud when LWCC failed to

---

[1] Mr. Hypolite admitted to owning Big E and the Boys Entertainment, a personal business that rented fun jumps and provided music and DJ services.

carry its burden of proof; (2) that the workers' compensation judge erred in finding fraud for reasons not pled specifically in LWCC's answer; (3) in finding fraud upon evidence not actually admitted into evidence; (4) in finding fraud based on other income where LWCC and M.A. Patout allegedly failed to follow proper procedure; (5) in finding false statements to Dr. Sledge and to Vince Dubois, PT; (6) and in finding statements in Mr. Hypolite's recorded statement rose to the level of fraud. Because they specifically overlap in our analysis, we will deal with Mr. Hypolite's first and fifth assignments of error together.

Mr. Hypolite's first claims that the workers' compensation judge erred in finding that LWCC proved that he committed fraud.

Louisiana Revised Statutes 23:1208 provides in pertinent part:

> A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provision of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
>
> . . . .
>
> E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

The Louisiana Supreme Court in *Resweber v. Haroil Constr. Co.*, 94-2708, 94-3138, p. 14 (La. 9/5/95), 660 So.2d 7, 16, addressed the proof required to prove fraud under La.R.S. 23:1208:

> By its plain words Section 23:1208 requires only that 1) the claimant make a false statement or representation, 2) the statement or representation be willfully made, and 3) the statement or representation be made for the purpose of obtaining workers' compensation benefits.
>
> The legislature has made a policy decision that willful and deliberate false statements made specifically for the purpose of obtaining workers' compensation benefits is an attempt to defraud the workers' compensation system and should be dealt with harshly. The legislature

2

has shown a continued effort over recent years to make Section 1208 easier to enforce and to make its penalties stronger.

The *Resweber* court noted the false representations must be made for the purpose of obtaining benefits and must be more than inadvertent or inconsequential statements. The court stated:

> It is evident that the relationship between the false statement and the pending claim will be probative in determining whether the statement was made willfully for the purpose of obtaining benefits. A false statement which is inconsequential to the present claim may indicate that the statement was not willfully made for the purpose of obtaining benefits. Clearly, an inadvertent and inconsequential false statement would not result in forfeiture of benefits.

*Id*. Louisiana Revised Statutes 23:1208 applies to statements made to insurance investigators and physicians alike; and it imposes no requirement that the employer show prejudice. *Id*.

A decision to impose or deny forfeiture under La. R.S. 23:1208 is a factual finding which will not be disturbed on appeal absent manifest error. *Brooks v. Madison Parish Serv. Dist. Hosp.*, 41,957 (La.App. 2 Cir. 3/7/7), 954 So.2d 207, *writ denied*, 07-720 (La. 5/18/07), 957 So.2d 155. To reverse a fact finder's determination under this standard of review, an appellate court must undertake a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine the record establishes the finding is clearly wrong. *Stobart v. State, Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993). Ultimately, the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. *Id*. If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing

court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

Having reviewed the record before us, we cannot find error in the workers' compensation judge's finding that Mr. Hypolite deliberately made false statements to his doctors and physical therapist in order to receive workers' compensation benefits.

On May 16, 2012, Mr. Hypolite complained to Dr. Sledge that he was experiencing back pain. He complained of pain in his lower back and left leg that increased with "sitting, standing, walking, driving or riding in a vehicle, flexion, and extension." He stated that his leg would sometimes give way and that he was not able to tolerate the pain with walking or sitting. Most crucially, he rated his pain at a ten on a scale of zero to ten. These complaints stand in stark contrast, however, to surveillance video obtained by LWCC.

LWCC obtained video of Mr. Hypolite on several days, beginning May 27, 2012, and through June 17, 2012. He is seen throughout those days walking and driving without any sign of discomfort whatsoever.

On May 27th, just eleven days after stating he could not tolerate walking due to his "ten out of ten" pain, he was caught on film walking, bending over, and crouching to roll up a deflated fun jump. With two other men, Mr. Hypolite could be seen pulling on the deflated jump to fold it up, often in a jerky manner, rolling up the jump, backing up his pick-up truck, and rolling the large jump onto a flatbed trailer. At no time did Mr. Hypolite appear to be in pain; rather, he appeared to be smiling as he exited his truck after backing it into place.

The next day, Mr. Hypolite was again caught on film moving a fun jump, this time alone and without any help. In the May 28th video, Mr. Hypolite is seen

4

again bending, crouching, and walking as he folds and rolls the jump alone, with no apparent pain. Mr. Hypolite is seen leaning over to lift the blower used to inflate the jump with one hand and raising it up and over the side of his truck. The video then shows him lifting one side of the jump to place a strap around it and rolling the jump to his truck. Once the jump is at his truck, Mr. Hypolite is seen standing it up, then lifting the large object, and flipping it into the back of the truck. He displays no discomfort, despite having claimed "ten out of ten" pain twelve days before.

On June 2, 2012, Mr. Hypolite is seen standing for almost half an hour, swaying in a dancing manner and talking with his hands in an animated manner by swinging his arms. Again, despite his claims that he felt great pain standing, Mr. Hypolite displays no distress, but is seen smiling and laughing while casually talking with other people.

The surveillance videos alone clearly show that Mr. Hypolite's statements to Dr. Sledge were untruthful. The obviousness of the discrepancy between Mr. Hypolite's complaints and actions was further driven home by the testimony of Dr. Douglas Bernard. Dr. Bernard testified via deposition that the actions on the tapes were not consistent with Mr. Hypolite's complaints to Dr. Sledge. He stated that, specifically, the action of lifting the jump on May 28, 2012, was totally contradictory to Mr. Hypolite's complaints, and that someone in the pain Mr. Hypolite claimed could not have performed that action. Dr. Bernard also noted that Mr. Hypolite should not have even been able to back his truck up, as seen in the May 27th video, without pain. Dr. Bernard testified that when he examined Mr. Hypolite on May 17, 2012, just one day after Mr. Hypolite saw Dr. Sledge and rated his pain a "ten out of ten," Mr. Hypolite appeared to be in no pain at all.

We can find no manifest error in the findings of fact of the workers' compensation judge. The evidence in the record supports her conclusion that Mr. Hypolite's statements to Dr. Sledge on May 16, 2012, were willful misstatements, made for the purpose of obtaining benefits under the Louisiana workers' compensation system. These false statements alone are sufficient to uphold the workers' compensation judge's ruling. Thereby rendering Mr. Hypolite's other assignments of error moot. Accordingly, we need not address his remaining assignments of error concerning other evidence.

## EXPANSION OF THE PLEADINGS

Because it addresses the pleadings and evidence before the workers' compensation judge, we will very briefly deal with Mr. Hypolite's second assignment of error concerning expansion of the pleadings, for the sake of thoroughness.

LWCC clearly and specifically alleged fraud as an affirmative defense in its answer. It specifically alleged false statements made to Drs. Bernard and Sledge in that answer. Even though we need not consider the additional allegations beyond the statements made to Dr. Sledge to uphold the workers' compensation judge's decision, we also find no merit in Mr. Hypolite's contention that the workers' compensation judge erred in allowing that evidence to be introduced in support of LWCC's claim that he violated La.R.S. 23:1208. Mr. Hypolite's counsel did not object to the evidence of additional claims beyond these statements at trial. Moreover, it is clear that Mr. Hypolite had knowledge that his fun jump business would be at issue in these proceedings, as it was discussed thoroughly in his deposition. We therefore reject this assignment of error. See *Clark v. Diamond B. Const.*, 00-2146 (La.App. 1 Cir. 12/28/01), 803 So. 2d 1113.

The judgment of the workers' compensation judge that Mr. Hypolite violated La.R.S. 23:1208 is hereby affirmed.

For the above reasons, the decision of the workers' compensation judge is hereby affirmed. Costs of this appeal are hereby assessed against Mr. Hypolite.

**AFFIRMED.**