# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-547

**RICKY GIBSON**

**VERSUS**

**SHAW GLOBAL ENERGY SERVICES**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 02-07460
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and John B. Scofield\*, Judges.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**Cooks, J., concurs in part and dissents in part and assigns written reasons.**

> **Janice B. Unland**
> **Rabalais, Unland & Lorio**
> **5100 Village Walk, Suite 300**
> **Covington, LA   70433**
> **(504) 893-9900**
> **COUNSEL FOR DEFENDANT/APPELLEE:**
> **Shaw Global Energy Services**

> **Thomas M. Daigle**
> **711 Johnston Street**
> **Lafayette, LA   70501**
> **(337) 234-4049**
> **COUNSEL FOR PLAINTIFF/APPELLANT:**
> **Ricky Gibson**

\* John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore

AMY, Judge.

In this workers' compensation matter, the employee-claimant allegedly injured his back while trying to lift a valve that had trapped a co-worker's hand and was diagnosed with a lumbar strain by his employer's choice of physician and by a physician of his own choosing. He subsequently filed the instant disputed claim, contending that the employer had not paid wage benefits and had not authorized an MRI recommended by his choice of physician. The employer moved for summary judgment, asserting that the claimant could not prove disability. After a hearing on the motion, the workers' compensation judge found no evidence of injury and granted summary judgment, dismissing the cause of action with prejudice. The claimant appeals. For the following reasons, we affirm in part, reverse in part, and remand.

**Factual and Procedural Background**

According to the record, during the early morning hours of July 13, 2002, Mr. Ricky Gibson, the claimant herein, was working as a laborer for Shaw Global Energy Services in its Delcambre, Louisiana yard when a co-worker's hand was trapped between two valves. The record further indicates that Mr. Gibson tried to help by lifting one of the valves off of the man's hand. In his disputed claim, filed September 30, 2002, Mr. Gibson asserted that in lifting the valve, he injured his back, and he further alleged that Shaw had neither paid wage benefits nor authorized an MRI recommended by his choice of physician.

Shaw filed a motion for summary judgment on October 30, 2003, in which it argued that the various physicians who evaluated Mr. Gibson, including those physicians of his own choice, had not determined that he suffered any disability and did not reach the conclusion that he was unable to work at full capacity at his previous position. Shaw conceded that Mr. Gibson's treating physician had

instructed him not to go to work for a two-week period pending diagnostic imaging results; however, it noted, when the results of those tests showed no abnormalities, his physician released him to work. In addition, Shaw pointed out that Mr. Gibson's consultations with other health care providers yielded no evidence of disability or need for further medical treatment. Shaw emphasized that although Mr. Gibson was diagnosed with a lumbar strain, each of the diagnostic tests that were performed after his accident have shown no abnormalities. Accordingly, Shaw concluded, because Mr. Gibson cannot meet the burden of proving disability, he is unable to demonstrate his entitlement to workers' compensation benefits.

In opposition to Shaw's motion for summary judgment, Mr. Gibson argued that when he initially sought treatment for his injury at Abbeville General Hospital, Shaw denied treatment and instructed him to consult its choice of physician at the Occupational Medicine Clinic in New Iberia. Mr. Gibson indicated that he complied with Shaw's instructions but returned to Abbeville General later in the week of his accident and throughout the following month due to unresolved pain. He pointed out that his treating physician, Dr. Kate Lee, had placed him on no-work status and had prescribed various medications. In defense of his claim, Mr. Gibson asserted that it was "undisputed" that he had sustained an injury in the course and scope of his employment and "undisputed" that he was initially denied treatment at Abbeville General Hospital. He further argued that Shaw had arbitrarily refused to pay for any additional medical treatment and that it refused to pay weekly benefits following his injury. Mr. Gibson contended that there were, indeed, material facts in dispute regarding his entitlement to indemnity and medical benefits, asserting that the reports of each of the treating physicians involved indicated that he had sustained a lumbar muscle spasm, reflecting objective findings of injury, and that these physicians had

2

assigned him to light-duty status, thereby indicating disability.

After a hearing on the motion for summary judgment on January 6, 2004, the workers' compensation judge granted Shaw's motion, dismissing Mr. Gibson's claims with prejudice. In his oral reasons for ruling, the workers' compensation judge indicated that the medical records were devoid of anything that would prove or even suggest that Mr. Gibson had sustained an injury.

Mr. Gibson appeals the workers' compensation judge's ruling, asserting the following assignments of error:

1. The workers' compensation judge erred in granting Shaw's motion for summary judgment.

2. The workers' compensation judge erred in determining that Mr. Gibson did not sustain compensable injuries as a result of his work-related accident.

3. The workers' compensation judge erred in determining that Mr. Gibson was not entitled to weekly indemnity benefits and medical bills stemming from his work-related accident.

### Discussion

*Motion for Summary Judgment*

In his brief on appeal, Mr. Gibson notes that Shaw never disputed that a work-related accident occurred; instead, he points out, Shaw's chief argument was that he was not entitled to indemnity and medical benefits because he was not injured. Mr. Gibson contends that in granting Shaw's motion for summary judgment, the workers' compensation judge ignored the medical evidence attached to the motion in opposition. Mr. Gibson argues that the workers' compensation incorrectly granted summary judgment because this medical evidence gave rise to a material issue of fact concerning his injuries. He notes that the medical records show that he sustained a severe lumbar sprain and likewise contain Dr. Lee's instructions taking him off work pending diagnostic testing. (He concedes that he was eventually cleared to return to

3

work with light-duty restrictions.)  Mr. Gibson points out that Dr. Lee recommended further treatment.  In fact, he notes, each of the physicians whom he consulted placed him on light-duty restrictions.  Nevertheless, he argues, in spite of these restrictions, Shaw did not offer him any light-duty work or rehabilitation services.

Incidental to Mr. Gibson's argument concerning summary judgment is his contention that Shaw failed to pay medical expenses.  On appeal, Mr. Gibson alleges that Shaw denied his requests for medical treatment and, with the exception of two visits to its physician of choice, failed to pay for any of his treatment, specifically, his visits to Dr. Lee, MRI's and x-rays, prescription drugs from an Abbeville pharmacy, and an MRI performed at Virginia Commonwealth University.

In the instant matter on appeal, Shaw, the party who moved for summary judgment, did not have the burden of proof at trial.  Accordingly, the success or failure of Shaw's motion is properly determined by reference to the following provisions of La.Code Civ.P. art. 966:

> C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
> (2) The burden of proof remains with the movant.  However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense.  Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

We review *de novo* the ruling of the workers' compensation judge granting Shaw's motion for summary judgment.  *Louisiana Swabbing Serv., Inc. v. Enterprise Products Co.*, 00-1161 (La.App. 3 Cir. 5/2/01), 784 So.2d 862, *writ denied*, 01-1594 (La. 9/14/01), 796 So.2d 684.

4

In the present case, Mr. Gibson claims entitlement to medical and indemnity benefits. Louisiana Revised Statutes 23:1031(A) provides, in this respect, that "[i]f an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated." In *Sterling v. Asplundh Tree Expert Co.*, 03-266 (La.App. 3 Cir. 10/1/03), 856 So.2d 125, *writ denied*, 03-3017 (La. 1/30/04), 865 So.2d 79, a panel of this court noted that in order to succeed in a claim for workers' compensation benefits,

> a claimant must establish by a preponderance of the evidence that an accident occurred on the job site and that an injury was sustained. *Garner v. Sheats & Frazier*, 95-39 (La.App. 3 Cir. 7/5/95); 663 So.2d 57. A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *Id*. at 60. The evidence is viewed in a light most favorable to the claimant.

*Id.* at 127 (quoting *Bryan v. Allstate Timber Co.*, 98-840, pp. 3-4 (La.App. 3 Cir. 12/16/98), 725 So.2d 853, 855).

Louisiana Revised Statutes 23:1221 establishes different types of disabilities for which wage benefits may be awarded, *inter alia*, temporary total disability, permanent total disability, and supplemental earnings benefits. *See* La.R.S. 23:1221(1), (2), and (3), respectively. Louisiana Revised Statutes 23:1221(1) and (2) define temporary total disability and permanent total disability as a claimant's inability to engage in any employment, whether temporarily or permanently, as the case may be. With respect to temporary total disability benefits, La.R.S. 23:1221(1)(d) provides for the termination of such an award

> when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability

5

of the employee may be made and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required.

In order to prove entitlement to temporary total disability benefits or to permanent total disability benefits, a claimant must demonstrate by clear and convincing evidence that he is physically unable to engage in any employment, including working while in any pain. La.R.S. 23:1221(1)(c) and (2)(c). Disability is a question of fact. *Jones v. Universal Fabricators*, 99-1370 (La.App. 3 Cir. 2/3/00), 758 So.2d 856, *writ denied*, 00-742 (La. 5/12/00), 762 So.2d 13. Moreover, in order to prove entitlement to supplemental earnings benefits, a claimant must show by a preponderance of the evidence that his work-related injury resulted in an inability to earn wages equal to at least ninety percent of pre-disability wages. La.R.S. 23:1221(3)(c)(i).

In the case *sub judice*, Mr. Gibson contends that Shaw did not pay him wage benefits, but he does not specify to which type he is entitled. Reviewing the record *de novo*, we conclude that because Mr. Gibson has not asserted any inability to work, and because the evidence does not support such a determination, Mr. Gibson is not entitled to temporary total disability benefits or permanent total disability benefits. The medical records introduced below indicate that Mr. Gibson was released to work with only light-duty restrictions.[1] Mr. Gibson has not demonstrated that he is unable to earn at least ninety percent of his pre-injury wages; accordingly, he is not entitled to any workers' compensation indemnity benefits as provided in La.R.S. 23:1221.

---

[1]Although Mr. Gibson produced an affidavit below that indicated that Shaw never offered him light-duty work, and although he has made this contention on appeal, there is no other evidence to indicate that this is so. Counsel for Mr. Gibson contended at the motion hearing that in order to defeat this aspect of his claim, Shaw would have to produce a counter-affidavit indicating that it did, in fact, offer Mr. Gibson light-duty work. It is unclear from the record what duties Mr. Gibson performed at work after his accident, and it is likewise unclear how long Mr. Gibson worked for Shaw following his injury. Our review of the record reveals no evidence that Mr. Gibson attempted to go back to work following his injury, even after he had been released on light-duty status.

The transcript of the hearing contains a reference by counsel for Mr. Gibson to the substance of La.R.S. 23:1224 in support of his client's claim for benefits—*viz.*, that Mr. Gibson is entitled to wage benefits because he was held out of work for more than a week due to Dr. Lee's instructions that he refrain from work pending processing of diagnostic reports. Louisiana Revised Statutes 23:1224 provides that "[n]o compensation shall be paid for the first week after the injury is received; provided, that in cases where *disability* from injury continues for six weeks or longer after date of the accident, compensation for the first week shall be paid after the first six weeks have elapsed." (Emphasis added.) We find this provision inapplicable to the present appeal. Louisiana Revised Statutes 23:1224 implies that benefits are not to be paid for conditions lasting less than one week; however, it also presumes that the injury being compensated is a *disabling* injury. As stated above, Mr. Gibson has not produced evidence that establishes that he is disabled. Accordingly, we find that Mr. Gibson has not proven entitlement to wage benefits.

The second aspect of Mr. Gibson's argument concerns Shaw's failure to provide medical benefits. Mr. Gibson acknowledges that he was treated by Shaw's choice of physicians, as per its instructions. However, he also received treatment from Dr. Carlos Cruz, an emergency-room physician at Abbeville General Hospital, and Dr. Kate Lee, his family physician. The record indicates that each of Mr. Gibson's treating physicians diagnosed him with a lumbar strain/sprain. Mr. Gibson argues on appeal that summary judgment was inappropriate in this case because Shaw did not pay for his treatment with Dr. Lee, including MRI's and x-rays, and did not pay for his prescription medications and for an MRI performed at Virginia Commonwealth University.

7

Louisiana Revised Statutes 23:1121 provides that an injured employee may select his choice of physician as follows:

> B. (1) The employee shall have the right to select one treating physician in any field or specialty. The employee shall have a right to the type of summary proceeding provided for in R.S. 23:1124(B), when denied his right to an initial physician of choice. After his initial choice the employee shall obtain prior consent from the employer or his workers' compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.
>
> (2)(a) If the employee is treated by any physician to whom he is not specifically directed by the employer or insurer, that physician shall be regarded as his choice of treating physician.

Moreover, in *Smith v. Southern Holding, Inc.*, 02-1071 (La. 1/28/03), 839 So.2d 5, the Louisiana Supreme Court held that La.R.S. 23:1121 affords an injured worker the right to examination by a physician of his own choosing, even if he has already submitted to treatment by a physician chosen by the employer.

With respect to an employer's responsibility for payment of medical expenses, La.R.S. 23:1203(A) requires an employer to provide all necessary medical treatment stemming from an employee's work-related injury. *See Schindler v. Orleans Reg'l Sec.*, 03-522 (La.App. 4 Cir. 12/3/03), 862 So.2d 1032. To recover medical expenses under La. R.S. 23:1203, the claimant must prove by a preponderance of the evidence that the expenses are reasonably necessary for treatment of a medical condition caused by the work injury. *Id*. In addition, an injured employee may recover expenses for medically necessary diagnostic tests recommended by his treating physician when needed to ascertain the appropriate course of treatment. *McCrary v. New Orleans Health Corp.*, 01-1632 (La.App. 4 Cir. 9/26/01), 798 So.2d 1085.

Based upon our *de novo* examination of the record, we find that the workers' compensation judge erred in granting summary judgment in Shaw's favor as to Mr. Gibson's claim for medical expenses. Shaw did not demonstrate that it had been

relieved of its obligation to provide medical benefits as required by La.R.S. 23:1203(A). Accordingly, we remand for the taking of evidence as to the cost of treatment, diagnostic tests, and associated medication.

However, we find that Mr. Gibson is not entitled to reimbursement for the MRI conducted at Virginia Commonwealth University in August 2003, more than one year after the accident at issue and nearly a year after MRI's ordered by Dr. Lee indicated no abnormalities. In addition, at Shaw's request, Mr. Gibson saw Dr. J. Frazer Gaar, an orthopedist, for an evaluation on July 30, 2003; Dr. Gaar noted that x-rays taken of Mr. Gibson's spine were normal and opined that Mr. Gibson had reached maximum medical improvement. In order to recover for the expense of the MRI performed at Virginia Commonwealth, Mr. Gibson is required to prove its medical necessity. *See* La.R.S. 23:1203(A). We find no evidence in the record that would support the medical necessity of this MRI, after three physicians had diagnosed Mr. Gibson with a lumbar strain/sprain and no other MRI's had indicated any abnormalities.

## DECREE

For the foregoing reasons, the ruling of the workers' compensation judge is affirmed as to that portion of the judgment dismissing Mr. Gibson's claims for indemnity benefits and reversed in part with respect to that portion of the judgment dismissing Mr. Gibson's claims for Dr. Lee's medical expenses and prescription drugs and remanded for the taking of further evidence as to cost. Costs of this proceeding are to be divided between the claimant, Mr. Ricky Gibson, and the employer, Shaw Global Energy Services.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

9

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-547

RICKY GIBSON

VERSUS

SHAW GLOBAL ENERGY SERVICES

**COOKS, J., concurs in part and dissents in part.**

After being instructed not to return to work for two weeks, Mr. Gibson's treating physician eventually released him to return to work with "light duty" restrictions. There is nothing in the record to indicate Mr. Gibson was released from her care or had reached maximum medical improvement. A "lumbar strain/sprain" can be a disabling condition; it obviously was in the case of Mr. Gibson because he was only released to perform light duty work. This was not a trial. Mr. Gibson's burden on a motion for summary judgment on the issue of disability only requires him to present prima facie evidence that: (1) He sustained a work-related injury; (2) The injury prevents him from performing his prior work duties. The record contains enough evidence to show that Mr. Gibson was injured on the job - a fact that is not disputed; and he sustained a disabling injury - he could not work for two weeks as instructed by his physician and thereafter could perform only "light duty" work. The employer does not argue that Mr. Gibson's prior job duties met the restrictions imposed on him by his treating physician. The record is devoid of any evidence suggesting that such light duty work was available in the open market which Mr. Gibson could perform and he did not seek such employment or the employer was willing to accommodate Mr. Gibson's medical limitations resulting from his diagnosed condition, i.e., lumbar strain/sprain. Again, I emphasize this was a summary judgment motion; not trial on the merits.

There is a serious dispute relating to the "extent" of Mr. Gibson's disability. There is sufficient, prima facie evidence to show he sustained an injury that had disabling consequences because he was released to perform only "light duty" work. I respectfully dissent from the majority opinion on this point. In all other respects, I concur with the majority opinion.