STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 09-705


LARRY BURNS

VERSUS

INTERSTATE BRANDS CORPORATION


**********


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT TWO
PARISH OF RAPIDES, NO. 04-06149
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE


**********


BILLY HOWARD EZELL
JUDGE


**********


Court composed of Billy Howard Ezell, J. David Painter, and Shannon J. Gremillion, Judges.


AFFIRMED AS AMENDED.


James Felix Scott, III
Guillory, Scott & Associates
3045 Ridgelake Drive, Suite 201
Metairie, LA 70002
(504) 838-8811
Counsel for Defendant/Appellant:
Interstate Brands Corporation

**Maria Anna Losavio**
**Losavio Law Firm**
**1821 MacArthur Drive**
**Alexandria, LA 71315**
**(318) 767-9033**
**Counsel for Plaintiff/Appellee:**
**Larry Burns**

**Maria Anna Losavio**
**Losavio Law Firm**
**1821 MacArthur Drive**
**Alexandria, LA 71315**
**(318) 767-9033**
**Counsel for Plaintiff/Appellee:**
**Larry Burns**

**EZELL, JUDGE .**

Interstate Brands Corporation appeals a judgment from the Office of Workers' Compensation alleging the workers' compensation judge erred in the awards of certain penalties and the assessment of court costs. The claimant, Larry Burns, answered the appeal claiming the workers' compensation judge erred in failing to find that he is permanently disabled and in finding that vocational rehabilitation was not raised as an issue at trial. He also claims the trial court erred in failing to award legal interest and asks for additional attorney fees.

## FACTS

Larry Burns injured his back in May 1996, while loading bread when he was employed by Holsum Bakery, an Interstate Brands Corporation company. A 1998 judgment ruled that Mr. Burns was entitled to temporary total disability (TTD) benefits and all reasonable and necessary medical expenses.

On January 26, 2000, Dr. Louis Blanda, Mr. Burns' treating orthopedic surgeon, performed a three-level discectomy and decompression at L3-4, L4-5, and L5-S1. The surgery was necessitated by the work injury. Immediately after surgery, Mr. Burns complained of numbness in his left arm and hand with neck pain. Dr. Blanda suspected that Mr. Burns may have carpal tunnel syndrome which could have been caused by IV fluids creating swelling in the wrist and pinching a nerve. He explained that it might be a double crush syndrome in which you have lesions in two parts of the body which give you symptoms in the same part of the body. In this case, it was pinched nerve in the neck from the previous injury and a pinched nerve in the wrist.

On August 24, 2004, Mr. Burns filed a disputed claim for compensation claiming that recommended bilateral facet injections for cervical and upper extremity

1

pain had not been authorized. Thereafter, Mr. Burns amended his claim several times to add additional claims.

On May 18, 2006, Interstate Brands also filed a disputed claim for compensation claiming that Mr. Burns was no longer entitled to indemnity benefits because he had been released to return to work. Interstate Brands further claimed that it had paid more than the 520 weeks of maximum supplemental earnings benefits (SEB) payable under law.

A trial was held on November 18, 2008. The workers' compensation judge (WCJ) made several rulings following the trial. He first determined that any cervical problem that Mr. Burns was having was neither related to the 1996 accident nor the 2000 surgery. The WCJ found that there was a showing of symptoms early on in the left wrist of carpal tunnel syndrome, that the problems were associated with the 2000 surgery, and that the employer failed in its investigation of this matter. The WCJ awarded a $2,000 penalty.

The WCJ also found that Interstate Brands established that Mr. Burns was at maximum medical improvement. The WCJ concluded that Mr. Burns failed in proving that he could not perform any type of work, so the employer was entitled to convert TTD benefits to SEB. The WCJ further found that Mr. Burns had received in excess of 520 weeks of SEB and he was no longer entitled to any type of benefits.

The WCJ also determined that Mr. Burns made a demand for Viagra at least by the filing of the fourth amended petition. There was no evidence the employer had ever explored the relationship of the erectile dysfunction to the work injury. A $2,000 penalty was awarded.

A $2,000 penalty was also awarded for the failure of Interstate Brands to pay the bill of Dr. Joseph Gillespie, a pain management specialist. An additional $2,000

2

penalty was awarded for failure to pay the proper rate for medical mileage reimbursement.

The WCJ finally held that Mr. Burns never raised the issue of failure to provide vocational rehabilitation. The WCJ further found that, regardless, Mr. Burns would not have been entitled to a penalty because the law does not allow a penalty for failure to provide vocational rehabilitation. An attorney fee in the amount of $4,500 was awarded to Mr. Burns.

Interstate Brands appealed the judgment. It argues that the WCJ erred in assessing penalties for failure to authorize treatment for Mr. Burns' left-hand pain and for failing to authorize Viagra. It also claims that the trial court abused its discretion in assessing all costs to it.

Mr. Burns answered the appeal. Mr. Burns asserts that the WCJ erred in failing to find that he is permanently and totally disabled. He claims that the WCJ erred in finding that the issue of vocational rehabilitation was not raised at trial and in not ordering proper vocational rehabilitation and penalties and attorney fees. He also claims that the WCJ erred in failing to award legal interest. Mr. Burns also requests an increase in attorney fees.

## DISABILITY

Mr. Burns admits that he is no longer temporarily and totally disabled but claims that he is now permanently and totally disabled. Mr. Burns suggests that not only does he have physical and psychological issues that impede his ability to return to work, he is also restricted by his educational limitations. He points out that he has had two back surgeries and remains in constant pain. His lumbar spine injury has affected his left leg and caused radiculopathy. He has also experienced sleep disturbance, bladder urgency, and sexual dysfunction problems. Since the second

3

surgery, his left arm and hand have been affected.

A WCJ's finding regarding a claimant's disability is a factual finding that is entitled to great weight and should only be overturned when there is manifest error. *Winford v. Conerly Corp.*, 04-1278 (La. 3/11/05), 897 So.2d 560; *Vermillion Parish Police Jury v. Williams*, 02-12 (La.App. 3 Cir. 7/3/02), 824 So.2d 466.

> In order to prove entitlement to temporary total disability benefits or to permanent total disability benefits, a claimant must demonstrate by clear and convincing evidence that he is physically unable to engage in any employment, including working while in any pain. La.R.S. 23:1221(1)(c) and (2)(c). Disability is a question of fact. *Jones v. Universal Fabricators*, 99-1370 (La.App. 3 Cir. 2/9/00), 758 So.2d 856, *writ denied*, 00-742 (La.5/12/00), 762 So.2d 13

*Gibson v. Shaw Global Energy Servs.*, 04-547, p.6 (La.App. 3 Cir. 10/27/04), 885 So.2d 707, 712, *writ denied*, 04-2920 (La. 2/4/05), 893 So.2d 876.

The evidence indicates that Mr. Burns had functional capacity evaluations (FCE) in 2002 and 2005. Both evaluations indicated that Mr. Burns could perform medium-duty work.

In his deposition of October 5, 2007, Dr. Blanda indicated that he had seen Mr. Burns on three occasions since the last deposition on July 14, 2006. In both depositions, Dr. Blanda testified that Mr. Burns was at maximum medical improvement and that he could return to work at medium duty with the restrictions set forth by the FCEs. Dr. Blanda also opined that the pain Mr. Burns was experiencing in his left arm and hand did not limit him from working. Dr. Blanda explained that Mr. Burns is better since the surgery but he is still going to have back pain and his back will never be normal. He continued to express his opinion that medium-duty work was appropriate for Mr. Burns.

At Dr. Blanda's referral, Mr. Burns started seeing Dr. Gillespie for pain management in 2002. Dr. Gillespie treated Mr. Burns with cervical epidural

injections, SI joint injections, and oral medication. In a letter dated September 16, 2004, to Broadspire, the insurer's case manager, Dr. Gillespie noted that Mr. Burns was at maximum medical improvement as of January 2004 and was placed on light to sedentary duty. Dr. Gillespie also thought that Mr. Burns was a good candidate for a conditioning program which should be followed by an FCE. In March 2005, Dr. Gillespie performed an SI joint injection on Mr. Burns. He reviewed the FCE and limited Mr. Burns to medium-duty activities.

Mr. Burns attended a conditioning program at Miller Physical Therapy under the direction of Mr. Wilvan Miller, a licensed physical therapist. During the course of the program, Mr. Miller noted that Mr. Burns had increasing strength and flexibility. For about a month, Mr. Burns did tolerate all exercises well with mild complaints of pain and aches. After about a month, Mr. Burns did not attend the sessions on a frequent basis. Mr. Burns explained that the exercises started aggravating him after a while. Mr. Miller stated that Mr. Burns' body was very deconditioned when he started the program. Mr. Miller did not think that Mr. Burns could have performed medium or light-duty work but did agree that he could perform sedentary work. During his testimony, Mr. Burns even admitted he could perform a job in which he could alternate between standing and sitting.

Dr. Michael Berard is a psychologist who has been treating Mr. Burns since 2007 for depression. Dr. Berard testified that Mr. Burns could not resume full-time employment when he initially began seeing him. However, Dr. Berard further stated that Mr. Burns' mental status subsequent to treatment does not prohibit him from working.

The evidence is clear that Mr. Burns is capable of working. Consequently, he was entitled to SEB and has exhausted his right to those benefits. La.R.S.

5

23:1221(3)(d).

## VOCATIONAL REHABILITATION

Mr. Burns argues that the trial court erred in finding that vocational rehabilitation was not raised at trial. Mr. Burns claims that the issue was raised at trial without objection by the defense attorney, and therefore, the pleadings were expanded to include this issue.

> Louisiana Code of Civil Procedure article 1154 provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended. LSA-C.C.P. art. 1154. However, according to the editor's notes to Article 1154, this sentence does not contemplate the *adding* of an issue not pleaded, but rather allows the pleading of material facts for an issue pleaded only generally or as a legal conclusion. A timely objection to an attempt to enlarge the pleadings, coupled with the failure to move for an amendment to the pleadings, is fatal to an issue not raised by the pleadings. *Barker v. Loxco, Inc.*, 432 So.2d 975 (La.App. 1st Cir.1983); *Gar Real Estate & Ins. Agency v. Mitchell*, 380 So.2d 108, 109 (La.App. 1st Cir.1979).

> For introduction of evidence to automatically enlarge the pleadings under Article 1154, the evidence admitted must **not** be pertinent to any other issue raised by the pleadings. If the evidence was admissible for any other purpose, it cannot enlarge the pleadings without the express consent of the opposing party. *Bourque v. Koury*, 95-286 (La.App. 3rd Cir.11/2/95), 664 So.2d 553, 555; *Snearl v. Mercer*, 99-1738 (La.App. 1st Cir.2/16/01), 780 So.2d 563, 572, *writs denied*, 01-1319 & 01-1320 (La.6/22/01), 794 So.2d 800 & 794 So.2d 801. When a particular claim has not been alleged, even if evidence supporting that claim is admitted without objection, if that evidence has relevance to another issue, it cannot be said to have enlarged the pleadings to allow the court to rule on such a claim. *See Harris v. Cola*, 98-0175 (La.App. 1st Cir.5/14/99), 732 So.2d 822, 825; *Boudreaux v. Terrebonne Parish Police Jury*, 477 So.2d 1235 (La.App. 1st Cir.1985), *writ denied*, 481 So.2d 133 (La.1986).

*Barham & Arceneaux v. Kozak*, 02-2325, pp. 16-17 (La.App. 1 Cir. 3/12/04), 874 So.2d 228, 241-42, *writ denied*, 04-930 (La. 6/4/04), 876 So.2d 87 (emphasis in original).

6

Neither the initial claim form nor any amending petitions filed by Mr. Burns requested vocational rehabilitation or pled the failure of the employer to provide vocational rehabilitation. The only mention at the hearing itself was a question to Mr. Burns about whether a vocation rehabilitation counselor had ever provided him with a list of jobs. While there may be some mention in the medical records of possible vocational rehabilitation, these records were introduced regarding Mr. Burns' disability status.

No direct evidence or testimony on the issue of vocational rehabilitation was offered. Although an employee is entitled to vocational rehabilitation when he cannot earn wages equal to what he earned before the accident pursuant to La.R.S. 23:1226, there is no indication that Mr. Burns ever requested vocational rehabilitation. The issue was not raised until a post-trial brief was filed on Mr. Burns' behalf. The WCJ was correct in his ruling that the issue of vocational rehabilitation was not pled and should not be considered at this time.

## PENALTIES

Interstate Brands contests the award of penalties for both the failure to authorize treatment for the left-hand pain and the failure to authorize payment of the Viagra prescription.

The purpose of imposition of penalties and attorney fees is to discourage indifference and undesirable conduct by employers and insurers. *Williams v. Rush Masonry, Inc.*, 98-2271 (La.6/29/99), 737 So.2d 41. This court, in *Johnson v. Transamerica Waste Co.*, 99-190, pp. 9-10 (La.App. 3 Cir. 6/2/99), 741 So.2d 764, 770, stated the following:

> In order to avoid the imposition of penalties, an employer must reasonably controvert the workers' compensation claimant's right to benefits. La.R.S. 23:1201(F). The test to determine if the employer has fulfilled its duty is whether the employer or his insurer had sufficient

7

factual and medical information to reasonably counter the factual and medical information presented by the claimant. *Brown v. Texas-La. Cartage, Inc.*, 98-1063 (La.12/1/98), 721 So.2d 885; *Thibodeaux v. L.S. Womack, Inc.*, 94-1375 (La.App. 3 Cir. 4/5/95), 653 So.2d 123.

The determination of whether an employer or insurer should be cast with penalties and attorney fees in a workers' compensation action is essentially a question of fact subject to the manifest error or clearly wrong standard of review. *Authement v. Shappert Eng'g*, 02-1631 (La. 2/25/03), 840 So.2d 1181.

Left-Hand Pain

Interstate Brands alleges that it reasonably controverted Mr. Burns' claim for benefits for his left-hand pain because there are two different physicians who did not relate his symptoms of hand pain to the original accident.

The WCJ recognized these two doctors' opinions but stated that there was nothing in the records to indicate why they came to that conclusion. The WCJ noted that the employer never brought any information to these doctors that indicated that Dr. Blanda thought it could be a complication associated with the insertion of the IV. The WCJ observed that the expert orthopedic surgeon he appointed to examine Mr. Burns, Dr. Karl Bilderback, testified that anything that causes swelling can cause carpal tunnel syndrom.

It must also be recognized that the record is clear that Mr. Burns awoke from the 2000 surgery complaining of numbness in his left arm and hand. This was not a symptom that he had experienced before the surgery. As of the trial, he continued to have pain and discomfort in his left hand. We find no error in the WCJ's decision to award a $2,000 penalty for failure to properly investigate Mr. Burns' claim that the surgery caused his left arm and hand problems.

8

<u>Viagra</u>

Interstate Brands argues that the trial court erred in assessing it with penalties for failure to authorize payment of a Viagra prescription prescribed by Dr. Blanda. Interstate Brands claims that there is no evidence that the claims for Viagra were presented to it for approval.

We have reviewed the record and agree with the WCJ that Dr. Blanda discussed the possibility that Mr. Burns' erectile dysfunction problem was associated with the surgery. Dr. Blanda's records also indicate that a request for Viagra, among other prescriptions, was sent to Juanita Mixion at Broadspire on June 22, 2005. The records also include a letter dated July 10, 2001, from an attorney who represented Mr. Burns previously. The letter was written to Dr. Blanda indicating that the employer was refusing to approve the Viagra prescription. There was sufficient evidence in the record for the WCJ to determine that the employer knew about the need for Viagra and its relation to the injury. We find no error in the WCJ's award of a $2,000 penalty for failure to approve the Viagra prescription.

## COSTS

Interstate Brands claims that the WCJ erred in assessing it with all the costs. It claims that costs were assessed against it for issues raised by Mr. Burns on which he did not prevail.

Pursuant to La.Code Civ.P. art. 1920 the trial court may render judgment for costs against any party as it may consider equitable. A trial court's assessment of costs may be reversed by an appellate court only upon a showing of an abuse of discretion. *Lambert v. Brookshire Grocery Co.*, 06-1001 (La.App. 3 Cir. 12/20/06), 945 So.2d 918.

9

Taking into consideration that Mr. Burns prevailed on a number of his claims, we find no abuse of discretion in the WCJ's assessment of all costs against Interstate Brands.

## LEGAL INTEREST

Mr. Burns claims that the trial court erred in failing to award legal interest. He notes that the judgment is silent as to legal interest, so it is considered rejected by the trial court.

"It has long been the rule that interest cannot be recovered on a judgment which is silent as to interest." *Smith v. Quarles Drilling Co.*, 04-179, p. 7 (La. 10/29/4), 885 So.2d 562, 567. "An exception exists when interest is provided by statute." *Id*. Louisiana Revised Statutes 23:1201.3(A) does provide that an award for compensation carries with it an award for interest due from the date of each installment. However, La.R.S. 23:1201.3 "does not govern the calculation of interest on penalties and attorney fees in a workers' compensation judgment" because it is not considered compensation. *Smith*, 885 So.2d at 567. In order to receive interest on penalties and attorney fees, a party must pray for interest in his pleadings. *Id*.; *Olivier v. Olivier Builders*, 09-208 (La.App. 3 Cir. 9/9/09), 19 So.2d 573.

Mr. Burns' first supplemental and amending petition did specifically request legal interest on court costs, penalties, and attorney fees. Therefore, we award him legal interest on the judgment.

## ATTORNEY FEES

Mr. Burns has asked for an increase in the attorney fees awarded in the trial court and also asks for additional attorney fees for the work performed in preparation of the appeal. The trial court awarded attorney fees in the amount of $4,500.

10

An award of attorney fees is within the discretion of the WCJ as long as it is supported by the record. *Glaze v. Wal-Mart Stores, Inc.*, 05-72 (La.App. 3 Cir. 6/1/05), 904 So.2d 944. A number of factors are used in determining the amount of attorney fees to be awarded which include the degree of skill and ability exercised, the amount of the claim, the amount recovered, and the amount of time devoted to the case. *Id.*

Although numerous depositions were taken and pleadings filed during the four-year pendency of these disputed claims by the parties, we cannot say the WCJ abused its discretion in the award of attorney fees.

We do find that Mr. Burns is entitled to an additional amount of attorney fees for work necessitated by successfully defending Interstate Brands' appeal. We also find that while Mr. Burns was not successful on some of his issues raised by his answer to the appeal, he was successful on his claim for legal interest. We award an additional $3,500 in attorney fees for the work performed on appeal.

For the reasons stated, the judgment of the Office of Workers' Compensation is amended to include an award for legal interest. The judgment is also amended to include an award of $3,500 in additional attorney fees for the work necessitated by this appeal. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against Interstate Brands Corporation.

**AFFIRMED AS AMENDED.**

11