STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-643


HERSCHEL CARTER

VERSUS

TURNER INDUSTRIES


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 1-EAST
PARISH OF OUACHITA, NUMBER 11-04267
BRENZA IRVING JONES, WORKERS' COMPENSATION JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and J. David Painter, Judges.

AFFIRMED.


Charles J. Duhe, Jr.
Heidel A. Schneider
Taylor, Wellons, Politz & Duhe, APLC
7924 Wrenwood Boulevard, Suite C
Baton Rouge, LA  70809
(225) 387-9888
COUNSEL FOR DEFENDANT-APPELLANT:
    Turner Industries

**Louis V. Champagne**
**Dina F. Domangue**
**Ashley P. Thomas**
**McKeithen, Ryland, Champagne & Domangue**
**P. O. Box 1029**
**Columbia, LA  71418**
**(318) 649-2626**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
     **Herschel Carter**

**PAINTER, Judge.**

The employer, Turner Industries, appeals the award of temporary total disability (TTD) benefits, penalties, attorney's fees, and for reimbursement of all medical, mileage, and prescription expenses incurred as a result of the work-related accident of March 3, 2001, as well as the rulings that the employee, Herschel Carter, is entitled to seek medical treatment from the physician of his choice and that the employer failed to prove that the employee violated La.R.S. 23:1208. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On March 3, 2011, Carter was employed by Turner Industries as a general foreman earning $21.50 per hour. He alleges that he injured his back, on that date, when he attempted to lift two wooden boards while in the course and scope of his employment building scaffolding for a construction site. He had an MRI on March 9, 2011, and he was found to have two herniated discs. His last day of work was March 14, 2011. In April, an initial evaluation with a neurosurgeon was approved; however, the neurosurgeon's request for approval of a surgical procedure was denied. Moreover, the employer refused to authorize any further treatment and did not pay any benefits at all based on its assertion that that Carter made false and inconsistent statements concerning his injury.

Carter filed a disputed claim for compensation, and Turner Industries filed a reconventional demand asserting a violation of La.R.S. 23:1208. The matter proceeded to trial. The Workers' Compensation Judge (WCJ) found that there was no violation of La.R.S. 23:1208 and that Carter was entitled to TTD benefits from the date last worked. The WCJ also awarded $2,000.00 in penalties for failure to authorize medical treatment, $2,000.00 in penalties for failure to pay indemnity benefits, and $5,000.00 in attorney's fees. Thereafter, the WCJ issued an amended

judgment finding that Carter was entitled to seek medical treatment from the physician of his choice and to be reimbursed for all medical, mileage, and prescription expenses incurred as a result of this injury. Defendant appealed both the original and amended judgments. Carter did not answer the appeal.

## DISCUSSION

*Violation of La.R.S. 23:1208*

Turner Industries first asserts that the WCJ committed manifest error in finding that Carter did not violate the provisions of La.R.S. 23:1208, which provides for a forfeiture of benefits by an employee who willfully makes a false statement or misrepresentation for the purpose of obtaining benefits. Specifically, Turner Industries asserts that Carter had a long history of back pain dating back to at least October 6, 2004, and that he had taken medication for back pain before this accident. Turner Industries further asserts that Carter specifically denied ever taking pain medication for a prior back injury. Reference is also made to an incident in 2008, when Carter fell down some steps at his home. An x-ray of Carter's lumbar spine taken in connection with the 2008 incident revealed a mild spondylosis at L3-4 and L4-5, the areas where Carter now has herniated discs. Turner Industries also alleges that Carter sought treatment for low back pain and demanded an MRI a few weeks prior to the accident that is the subject matter of this litigation. However, the medical records from that date indicated that Carter was complaining of a pinched nerve in his left hip.

For his part, Carter contends that his trial testimony does not contain any denial of previous back complaints and, in fact, contains admissions of "muscle tightness in his back" prior to the subject accident. Carter further contends that he clearly identified the fall in 2008 in his answers to interrogatories. He alleges that he made no willful, false representation of any fact.

2

In *Jim Walter Homes, Inc. v. Guilbeau*, 05-1473, pp. 5-6 (La.App. 3 Cir. 6/21/06), 934 So.2d 239, 243-44, this court recognized:

> Under the unambiguous and clear language of the statute, an employer claiming that an employee has violated La.R.S. 23:1208 must prove "that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment." *Resweber v. Haroil Constr. Co.*, 94-2708, p. 7 (La. 9/5/95), 660 So.2d 7, 12. If the WCJ finds that all three of "these requirements are met, Section 1208 applies and its forfeiture provisions must be enforced." *Id*. at 14.

> The determination by a WCJ as to whether a claimant has made a false statement, willfully, for the purpose of obtaining workers' compensation benefits is a finding of fact, and is, therefore, subject to the manifest error standard of review. *Phillips v. Diocese of Lafayette*, 03-1241 (La.App. 3 Cir. 3/24/04), 869 So.2d 313. However, we must keep in mind that La.R.S. 23:1208(E) is penal in nature. Any statute that is penal in nature must be strictly construed in favor of the one receiving benefits under that chapter of the law. *Fontenot v. Reddell Vidrine Water Dist.*, 02-439 (La. 1/14/03), 836 So.2d 14; *Olander v. Schillilaegh's*, 04-725 (La.App. 3 Cir. 3/23/05), 899 So.2d 97.

> > La.R.S. 23:1208 authorizes forfeiture of benefits upon proof that (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. The statute applies to any false statement or misrepresentation made willfully by a claimant for the purpose of obtaining benefits. All of these requirements must be present before a claimant can be penalized. Because this statute is penal in nature, it must be strictly construed, both in its substantive ambit and in its penalty provisions.

> > Concerning the standard of appellate review of a forfeiture claim, the court in *Rowan Cos., Inc. v. Powell*, 02-1894, 02-1895, p. 6 (La.App. 1 Cir. 7/2/03), 858 So.2d 676, 680, *writ denied*, 03-2177 (La.11/14/03), 858 So.2d 425 (citations omitted), stated:

> > > The determination of whether there is a false statement or representation willfully made for the purpose of obtaining any benefit or payment involves inherently factual determinations and, thus, this court's review of those findings by the WCJ is governed by the manifest error standard. Under that standard of review, this court may only reverse the WCJ's decision if we find (1) there is no reasonable factual basis for the finding in

the record and (2) the finding is clearly wrong or manifestly erroneous.

*Phillips v. Diocese of Lafayette*, 869 So.2d at 316-17, (quoting in part *Flintroy v. Scott Cummins Salvage*, 36,857, p. 12 (La.App. 2 Cir. 3/10/03), 839 So.2d 1231, 1238, writ denied, 03-1068 (La.6/6/03), 845 So.2d 1093 (citations omitted)).

In this case, in oral reasons for ruling, the WCJ stated:

This Court does not find that claimant forfeited his right to receive workers' compensation benefits due to 1208 fraud. His deposition testimony revealed admission to prior back complaints, injuries[,] and accidents. Defendants relied on a recorded statement to support their contentions of fraud. They contend the recorded statement include[s] denials of previous injuries to claimant's back. The statement was not offered into evidence.

Inasmuch as the statement is not a part of the record, this Court could not examine it to determine the weight it should be afforded. This Court cannot examine the specific question asked claimant concerning his pre-existing condition, nor can the Court examine his answers.

Any summary cannot be given a greater weight than actual questions and answers posed as presented in claimant's deposition testimony and the testimony he offered in this Court.

After our review of the record, we find no manifest error in the WCJ's ruling that there was no violation of La.R.S. 23:1208 by Carter. Turner Industries did not meet its burden of proof in this regard.

*Occurrence of Work-Related Accident*

Carter claims that the injured his back on March 3, 2011, when he lifted some boards at the construction site. The accident was not witnessed. Carter's wife testified at trial that Carter came home from work and told her about "some pain in his back and shooting down to his legs." The WCJ found that no testimony was presented by Turner Industries to refute Carter's allegations regarding the accident and that Carter's account was confirmed by his wife and by medical evidence. Carter was able to perform his job duties prior to March 3, 2011, but was found to have herniated discs and was unable to work thereafter.

The jurisprudence establishes that:

> An employee can prove an unwitnessed accident with her testimony alone if "(1) no other evidence discredits or casts serious doubt upon [her] version of the accident; and (2)[her] testimony is corroborated by the circumstances following the alleged incident." *Marange* [*v. Custom Metal Fabricators, Inc.*, 11-2678, p. 2 (La. 7/2/12), 93 So.3d 1253, 1257]. The employee's testimony may be corroborated by the testimony of coworkers, spouses, or friends, or by medical evidence. *Ardoin v. Firestone Polymers, L.L.C.*, 10-245 (La.1/19/11), 56 So.3d 215 (citing *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992)). The WCJ's determinations that an employee is credible and that she satisfied her burden of proof are factual determinations that should not be disturbed by a reviewing court unless the determinations are "clearly wrong . . . absent a showing of manifest error." *Bruno*, 593 So.2d at 361.

*Franklin v. Calcasieu Parish Sch. Bd.*, 12-1032, p. 2 (La.App. 3 Cir. 2/6/13), 108 So.3d 907, 909.

We find that the WCJ's ruling was based on reasonable credibility evaluations that are supported by the record. As such, we cannot reverse the WCJ's findings.

*Penalties and Attorney's Fees*

The WCJ awarded $2,000.00 in penalties for the failure to authorize medical treatment, $2,000.00 in penalties for the failure to pay indemnity benefits, and $5,000.00 for attorney's fees. Turner Industries finally argues that the imposition of penalties and attorney's fees was not warranted since it "reasonably controverted" Carter's claim by obtaining factual and medical information to show that either there was no accident or that Carter violated La.R.S. 23:1208.

> Louisiana Revised Statutes 23:1201 is the relevant statute in determining whether an employer should be assessed penalties and attorney fees for failure to timely pay indemnity or medical benefits. The statute provides that no penalties or attorney fees shall be assessed "if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer ... had no control.["] La.R.S. 23:1201(F)(2). Further, "[t]o avoid the imposition of penalties and attorney fees for the nonpayment of benefits, the employer has a continuing obligation to investigate, to assemble, and to assess factual information before denying benefits."

5

> *Romero v. Northrop-Grumman*, 01-24, pp. 10-11 (La.App. 3 Cir. 5/30/01), 787 So.2d 1149, 1156, *writ denied*, 01-1937 (La.10/26/01), 799 So.2d 1144.

> > An employer avoids the imposition of penalties and attorney's fees by satisfying its continuing obligation to investigate, assemble, and assess factual information prior to it denying benefits. Furthermore, the decision to award penalties and attorney's fees is factual in nature and will not be reversed on appeal absent manifest error.

> *Odom* [*v. Kinder Nursing Home*, 06-1442, p. 24 (La.App. 3 Cir. 4/25/07), 956 So.2d 128,] 141-42 (citations omitted). "The purpose of imposition of penalties and attorney fees is to discourage indifference and undesirable conduct by employers and insurers." *Burns v. Interstate Brands Corp.*, 09-705, p. 7 (La.App. 3 Cir. 2/3/10), 30 So.3d 271, 277.

*Green v. Nat'l Oilwell Varco*, 10-1041, p. 15 (La.App. 3 Cir. 4/27/11), 63 So.3d 354, 364.

In oral reasons for judgment, the WCJ stated:

[A]ccording to the records of the adjuster, the investigation was never completed in this matter. The adjuster chose to rely on hearsay allegations from Mark VanWinkle [claimant's supervisor] about back complaints allegedly made to claimant's coworkers prior to the accident. No evidence was presented to support those allegations. And even if they were found to be correct, pre-existing conditions are not preventative of recovery under the Workers' Compensation Act.

Therefore, defendants did not have a reasonable basis to deny this claim. Claimant provided persuasive testimony concerning the occurrence of the accident. His testimony was supported by the testimony of his wife and by medical evidence. Claimant's deposition testimony was forthcoming in regard to prior back complaints and previous accidents. Claimant was able to work prior to the accident, but commencing with the accident, the disabling symptoms appeared and continued to manifest itself [sic].

Herniated discs were discovered post-accident that were not present prior to the accident.

After reviewing the record, we find no manifest error in either the award of or amount of penalties and attorney's fees given by the WCJ, and we affirm these awards.

6

**DECREE**

We affirm the original and amended judgments of the WCJ. Carter is entitled to TTD benefits from the date last worked as well as to seek treatment for the work-related injuries from the physician of his choice and for reimbursement of all medical, mileage, and prescription expenses incurred as a result of the work-related accident of March 3, 2011, and to penalties and attorney's fees. No additional attorney's fees are awarded for the appeal because Carter did not ask for this relief. Costs of this appeal are assessed to Defendant-Appellant, Turner Industries.

**AFFIRMED.**