STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

22-463


SHANNON WEBB BIGGS AND MADISON BIGGS,
DEPENDENTS OF DECEASED IAN E. BIGGS

VERSUS

SOUTHERN LIFESTYLES DEVELOPMENT, LLC, ET AL.


**********


ON APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 20-07565
PAULA M. MURPHY, WORKERS' COMPENSATION JUDGE


**********


**JONATHAN W. PERRY**
**JUDGE**


**********


Court composed of D. Kent Savoie, Jonathan W. Perry, and Gary J. Ortego, Judges.


**AFFIRMED.**

**John J. Rabalais**
**Jonathan R. Landry**
**Rabalais Unland, LLP**
**70779 South Ochsner Boulevard**
**Covington, Louisiana  70433**
**(985) 893-9900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Southern Lifestyles Development Company, LLC, and**
    **National Union Fire Insurance Company of PA**


**W. Alan Lilley**
**Goforth & Lilley, PLC**
**109 Stewart Street**
**Lafayette, Louisiana  70501**
**(337) 237-5777**
**COUNSEL FOR CLAIMANTS/APPELLEES:**
    **Shannon Webb Biggs and Madison Biggs**


**Travis R. LeBleu**
**Maricle & Associates**
**1 Sanctuary Boulevard, Suite 202**
**Mandeville, Louisiana  70471**
**(225) 924-9581**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Global Data Systems, Inc., and**
    **Travelers Casualty & Surety Company**

**PERRY, Judge.**

This is a workers' compensation claim filed by the widow and dependent child of Ian Biggs ("Mr. Biggs"). At issue are the findings by the workers' compensation judge ("WCJ") that Mr. Biggs was jointly employed at the time of his death; thus, Mr. Biggs's employers are solidarily liable for workers' compensation benefits arising from his death.

## FACTS AND PROCEDURAL HISTORY

On December 28, 2019, Ian Biggs died while piloting a plane that crashed shortly after takeoff in Lafayette, Louisiana. His wife, Shannon Webb Biggs, and daughter, Madison Biggs (hereinafter collectively referred to as "Claimants"), filed a form LWC-WC-1008/Disputed Claim for Compensation ("1008") against Mr. Biggs's alleged employers, Southern Lifestyles Development Company, LLC ("SLD") and Global Data Systems, Inc. ("GDS"), along with their respective workers' compensation insurance carriers, National Union Fire Insurance Company of PA, and Travelers Casualty and Surety Company. Claimants' 1008 specifically alleged:

> At the time of the crash, Ian Biggs was paid 1/2 his salary . . . by Global Data Systems, Inc. (GDS) and 1/2 his Salary by Southern Lifestyles Development, LLC (SLD). His job was to be on call and pilot the Piper PA 31T Cheyenne II airplane (N42CV) that was owned by Cheyenne Partners, LLC (an LLC whose members included GDS & SLD). He was paid the same salary by SLD and GDS no matter whose employees or affiliates he was flying or even if he didn't fly at all. GDS has been paying widow/dependent child benefits[.]

SLD answered, denying that it employed Mr. Biggs at the time of his death.

GDS answered, admitting that it employed Mr. Biggs and did so jointly with SLD.

GDS further conceded that Mr. Biggs was performing services arising out of and in the course and scope of his employment at the time of his death.[1]

Claimants filed a motion for partial summary judgment on September 13, 2021, on the issue of Mr. Biggs's joint employment by SLD and GDS and on the issue of each employer's solidary liability for the payment of workers' compensation benefits based on the wages Mr. Biggs received from both SLD and GDS. Claimants sought to recover benefits calculated on the entirety of Mr. Biggs's salary received from GDS and SLD, his joint employers, pursuant to La.R.S. 23:1031(B).

In response, SLD filed a motion for summary judgment on September 20, 2021. Therein, SLD argued: Mr. Biggs was not acting in the course and scope of his employment with SLD; SLD and GDS were not joint employers of Mr. Biggs; and Claimants are not entitled to workers' compensation death benefits from SLD.

After a hearing on the competing motions, the WCJ granted summary judgment in the Claimants' favor. In its judgment signed December 2, 2021, the WCJ indicated that there exists no genuine issue of material fact that GDS and SLD jointly employed Mr. Biggs on December 28, 2019, and that Mr. Biggs was in the course and scope of his employment at the time of his death. The WCJ further held that SLD and GDS, along with their respective workers' compensation insurers, are solidarily liable for workers' compensation benefits due to Claimants arising out of Mr. Biggs's death. From this judgment, SLD appeals.

### APPELLANT'S ASSIGNMENTS OF ERROR

SLD is now before this court asserting three assignments of error:

1. The Workers' Compensation Judge erred in finding that Ian Biggs was acting in the course and scope of his employment with SLD at the time of his fatal accident on December 28, 2019.

---

[1] GDS began paying death benefits to Claimants; however, said benefits were calculated only on the one-half of the wages GDS paid to Mr. Biggs.

2.  The Workers' Compensation Judge erred in finding that SLD and GDS were joint employers of Ian Biggs at the time of his December 28, 2019 accident pursuant to La.R.S. 23:1031

3.  The Workers' Compensation Judge erred in finding that SLD and its workers' compensation insurance carrier, National Union Fire Insurance Company of Pennsylvania, are solidarily liable for workers' compensation benefits owed to Ian Biggs' dependents arising out of his injury and death on December 28, 2019.

## APPELLANT'S ARGUMENT

SLD acknowledges co-owning the airplane Mr. Biggs was piloting at the time of his death with GDS, but denies jointly employing Mr. Biggs at any point prior to or on the date of his fatal crash with GDS. SLD argues that GDS was the employer of Mr. Biggs on December 28, 2019, and that Mr. Biggs was in the course and scope of his employment with GDS because the flight was scheduled by GDS and all passengers onboard the airplane at the time of the crash were associated with GDS. Thus, SLD urges this court to reverse the WCJ's grant of summary judgment in favor of Claimants, finding SLD and GSD jointly employed Mr. Biggs and, thus, are solidarily liable for workers' compensation benefits arising from his death.

## APPELLEES' POSITION

Claimants argue SLD incorrectly focuses on who scheduled the flight or with whom the passengers were associated; instead, Claimants emphasize evidence showing SLD and GDS paid Mr. Biggs equally to be on call, to schedule flights, and to fly the airplane which SLD and GDS co-owned. Thus, Claimants urge this court to uphold the WCJ's grant of summary judgment.

## LAW AND DISCUSSION

Appellate courts review de novo the ruling of the workers' compensation judge granting summary judgment. *Gibson v. Shaw Global Energy Servs.*, 04-547 (La.App. 3 Cir. 10/27/04), 885 So.2d 707, *writ denied*, 04-2920 (La. 2/4/05), 893 So.2d 876. Appellate courts use the same criteria applied by trial courts to determine

whether summary judgment is appropriate. *Succession of Holbrook*, 13-1181 (La. 1/28/14), 144 So.3d 845. Summary judgment procedure is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment will be granted "if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The party seeking summary judgment must show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(D)(1). "[I]f the movant will not bear the burden of proof at trial," he need not "negate all essential elements of the adverse party's claim," but he must show "that there is an absence of factual support for one or more elements essential to the adverse party's claim." La.Code Civ.P. art. 966(D)(1). If the movant meets his initial burden of proof, the burden shifts to the adverse party "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

Our review of the evidence reveals Claimants presented the affidavit of Charles E. Vincent ("Mr. Vincent"), majority stockholder and former Chief Executive Officer of GDS. Therein, Mr. Vincent attested, in pertinent part:

> 2. [GDS and SLD] entered into an agreement for joint use of an airplane, on an as-needed basis, with each company being responsible for payment of one-half of the fixed costs associated with the operation of the plane, including the salary and benefits paid to the pilot, Ian Biggs.
>
> 3. Each entity was obligated to pay one-half of Mr. Biggs's salary and benefits, no matter how many hours the plane was used by either entity in any given week or month or other time period.
>
> 4. The obligation of each entity to pay one-half of Mr. Biggs's salary and benefits, was not based on any percentage of use attributable to either entity in any given time period.

4

5.  Mr. Biggs's salary and benefits were paid jointly each month by these entities, whether he flew or not.

. . . .

7.  The scope of Mr. Biggs's joint employment required him to pilot the plane at the time and to the destination as directed by [GDS or SLD] as the case may be.

In addition, attached to Mr. Vincent's affidavit is an email dated August 21, 2017, directed to Mr. Biggs, Rodney Savoy, and Robert Daigle,[2] wherein Mr. Vincent details the agreement between GDS and SLD for the joint use of the plane and joint employment of Mr. Biggs.  In relevant part, Mr. Vincent's email states, "All fix cost would be paid 50/50 at the time due; examples would be Insurance, Ian's salary, Upgrades, etc."

Claimants also presented the affidavit of Lyndsay Degeyter ("Ms. Degeyter"), Human Resource Supervisor for GDS, which declared her personal knowledge of the joint employment of Mr. Biggs by GDS and SLD prior to and on December 28, 2019.  Therein, Ms. Degeyter declared, in pertinent part:

Ian Biggs was co-employed by [GDS and SLD] in 2018 and 2019, and these companies made decisions about all aspects of Mr. Biggs's employment in tandem and by agreement, each having the right of direction and control over Mr. Biggs's employment activities, and each being responsible for and having paid one-half of Mr. Biggs's wages and benefits.

Also, attached to Ms. Degeyter's affidavit are copies of business records, such as tax documents indicating wages paid to Mr. Biggs from GDS and SLD, as well as emails exchanged from late-December 2017 to January 4, 2018, between Ms. Degeyter and an SLD representative which details an agreement by GDS and SLD to increase Mr. Biggs's salary by ten percent, effective January 1, 2018.

---

[2] Messrs. Savoy and Daigle are members/managers of SLD.

In opposition, SLD submitted the affidavit of Rodney L. Savoy, a member/manager of SLD. Therein, Mr. Savoy attested, in pertinent part:

3. At the time of the December 28, 2019 crash in Lafayette, Louisiana, the . . . aircraft involved in the crash was owned by Cheyenne Partners, LLC.

. . . .

5. In 2015, Cheyenne Partners, LLC was formed by Charles Vincent as sole member. Subsequently, SLD Aircraft, LLC obtained a 50% ownership interest in the Aircraft to satisfy [SLD]'s aircraft needs.

6. Thereafter, the operations, equipment choice, maintenance, pilot training, and piloting of the Aircraft continued to be handled entirely by Charles Vincent (100% owner of Eagle Air, LLC) and [GDS] pilot, Ian Biggs.

7. Beginning in 2015, SLD, LLC, its members, its employees, and/or its business guests, would use the Aircraft on an as-needed basis. Likewise, [GDS], its employees, and/or its guests, would use the Aircraft on an as-needed basis, but such use was always separate from any use by SLD, LLC, its members, employees and guests.

Louisiana Revised Statutes 23:1031(B) provides:

In case any employee for whose injury or death payments are due is, at the time of the injury, employed and paid jointly by two or more employers subject to the provisions of this Chapter, such employers shall contribute to such payments in proportion to their several wage liabilities to the employee; but nothing in this Section shall prevent any arrangement between the employers for different distribution, as between themselves, of the ultimate burden of such payments. If one or more but not all of the employers are subject to this Chapter, then the liability of such of them as are so subject shall be to pay that proportion of the entire payments which their proportionate wage liability bears to the entire wages of the employee; but such payment by the employers subject to this Chapter shall not bar the right of recovery against any other joint employer.

Simply stated, La.R.S. 23:1031(B) requires that when an employee is paid jointly by two or more employers, the employers shall contribute to workers' compensation payments in proportion to the wages which each employer paid to the employee.

6

Claimant's evidence confirms Mr. Biggs received an equal salary from and rendered the same piloting services to SLD and GDS. Thus, Mr. Biggs is presumed to be an employee of both. *See* La.R.S. 23:1044.

Joint employment requires a "common enterprise that contemplates the employment and control of the claimant by one of the interested parties for the benefit of all." *Kahl v. Baudoin*, 449 So.2d 1334, 1336 (La.1984) (quoting *Babineaux v. Southeastern Drilling Corp.*, 170 So.2d 518, 529 (La.App. 3 Cir. 1965), *writ denied*, 247 La. 614, 172 So.2d 700). SLD and GDS benefited from having a plane and a pilot at half the cost. Thus, considering the evidence and the law, we find there are no genuine issues of material fact, and Claimants are entitled to summary judgment as a matter of law. SLD and GDS were joint employers of Mr. Biggs and, as such, are solidarily liable to Claimants for workers' compensation benefits arising from his death.

## DECREE

For the foregoing reasons, the judgment appealed from is affirmed. The costs of this appeal are assessed against Defendant/Appellant, Southern Lifestyles Development, LLC.

**AFFIRMED.**